**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DANIEL BENJAMIN FLEISCHMAN,**
    Plaintiff,

v.                                              Case No. 8:25-cv-03229-JLB-CPT

**POLK COUNTY CLERK OF COURT,**
    Defendant.

MAR 26 2026 PM3:53
FILED - USDC - FLMD - TPA

---

## SUPPLEMENTAL NOTICE OF RELATED ACTION
## PURSUANT TO LOCAL RULE 1.07(c)

Plaintiff Daniel Benjamin Fleischman, proceeding pro se, respectfully files this Supplemental Notice of Related Action pursuant to Local Rule 1.07(c). Plaintiff previously filed a Notice of Related Action (Dkt. 22) identifying *Fleischman v. Richey et al.*, Case No. 8:25-cv-02479-WFJ-TGW. This Supplemental Notice identifies an additional related action that has come to Plaintiff's attention and that shares a direct evidentiary link to the core Monell claim in this case.

## I. IDENTIFICATION OF RELATED ACTION

**1.** The related action is: ***Cadle v. Judd et al.***, Case No. 8:25-cv-02790-KKM-SPF, United States District Court for the Middle District of Florida, Tampa Division. Filed on or about October 10, 2025, and assigned to Judge Kathryn Kimball Mizelle with Magistrate Judge Sean P. Flynn.

**2.** In *Cadle*, Plaintiff Taylor Cadle brings 42 U.S.C. § 1983 claims against Sheriff Grady Judd, Detective Melissa Turnage, Deputy William Rushing, and other Polk County defendants for systemic failures in handling child sexual abuse reports. The case alleges a "pattern, policy, practice, and custom" of constitutional violations by Polk County institutions.

## II. BASIS FOR RELATEDNESS — DIRECT EVIDENTIARY LINK

**3.** The *Cadle* case is directly linked to the instant case through Plaintiff's core Monell pattern-and-practice evidence—specifically, the selective competence comparator that forms one of the sharpest evidentiary points in this litigation.

**4. Selective Competence Comparator:** Plaintiff's Monell evidence demonstrates that the Polk County Clerk of Court processed an appellate record associated with

a case connected to the *Cadle* matter in approximately 4 days from receipt of the DCA transmission order. During the same time period, the same Clerk's office delayed Plaintiff's appellate record (Appeal No. 6D2025-1576, L.T. No. 2025-DR-002205) for 118+ days—despite Plaintiff's approved indigency status, two binding Sixth DCA orders directing transmission, and Clerk Butterfield's own written admission conditioning transmission on payment.

**5.** This 4-day versus 118+-day disparity in the same office, same year, is not evidence of systemic incompetence—it is evidence of selective competence. The Clerk demonstrably possessed the institutional capacity to process appellate records promptly when it chose to do so. The failure to process Plaintiff's record was a choice, not a capacity limitation. This comparator is central to distinguishing between negligence (which would not support a § 1983 claim) and deliberate indifference or intentional discrimination (which does).

**6. Broader Monell Pattern:** Beyond the direct comparator, both *Cadle* and the instant case form part of a broader pattern of constitutional violations across multiple Polk County agencies. Plaintiff's Monell dataset identifies 476 Sixth DCA "record not transmitted" orders across 389 unique Polk County cases between 2023 and 2026—affecting 206 criminal cases and 19 domestic relations cases, among others. The *Cadle* litigation, which separately alleges Monell pattern-and-practice liability against Polk County's sheriff, demonstrates that constitutional failures are not isolated to the Clerk's office but are endemic to Polk County's institutional structure.

**7. Common Insurance and Risk Structure:** On information and belief, both cases implicate common Polk County institutional insurance coverage, including primary coverage through Lloyd's of London and excess coverage through Ambridge Partners. The aggregate exposure across multiple concurrent federal civil rights cases—the instant case, *Cadle*, and Plaintiff's companion case (8:25-cv-02479)—is relevant to the institutional risk calculus underlying these proceedings.

## III.  SCOPE OF THIS NOTICE

**8.** This Supplemental Notice is filed to comply with Local Rule 1.07(c) and to ensure the Court has complete information regarding related proceedings. Plaintiff is not requesting consolidation, reassignment, or any other relief at this time. Plaintiff reserves all rights.

Respectfully submitted,

*Ronald Berg Flusch* March 26 2026

/s/ Daniel Benjamin Fleischman
**Daniel Benjamin Fleischman, Pro Se**
4885 McKnight Road, #123
Pittsburgh, PA 15237
Telephone: 724-462-5730
Email: OperationReunification@gmail.com

*Daniel Benjamin Fleischman*
*March 26 2026*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on [DATE], a true and correct copy of the foregoing was served via CM/ECF on all counsel of record, including Jonathan Barnet Trohn, Campbell Trohn Tamayo & Aranda, 1701 South Florida Avenue, Lakeland, FL 33803.

/s/ Daniel Benjamin Fleischman
Daniel Benjamin Fleischman, Pro Se