UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIEL BENJAMIN FLEISCHMAN,

Plaintiff,

v.                                           Case No. 8:25-cv-03229-JLB-CPT

POLK COUNTY CLERK OF COURT,

Defendant

_____/

APR 1 2026 PM 2:01
FILED - USDC - FLMD - TPA

## PLAINTIFF'S RENEWED MOTION FOR JUDICIAL NOTICE

## OF SUPPLEMENTAL AUTHORITY

## PURSUANT TO FEDERAL RULE OF EVIDENCE 201

Plaintiff Daniel Benjamin Fleischman, proceeding pro se, respectfully renews his request for

judicial notice pursuant to Federal Rule of Evidence 201.

This renewed motion corrects the sole procedural deficiency identified in the Court's March 12,

2026 orders denying without prejudice Plaintiff's prior judicial-notice motions, namely

noncompliance with Local Rule 3.01(g). See Docs. 42 and 43.

**1. Relief Requested**

Plaintiff requests judicial notice of the existence and contents of public records and authorities

not subject to reasonable dispute, including public appellate docket entries and orders from the

Florida Sixth District Court of Appeal, related public court filings relevant to the current

motion-to-dismiss posture, and published statutory materials relevant to the Clerk's ministerial

duties and appellate-record transmission obligations.

1

Plaintiff offers these records for the limited purpose of establishing the existence of documented public-record events, orders, docket activity, official correspondence, and pattern evidence reflected in official sources whose accuracy cannot reasonably be questioned. Plaintiff does not ask the Court to accept disputed inferences as true.

## 2. Basis for Judicial Notice

Under Federal Rule of Evidence 201(b), a court may take judicial notice of a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

Public court records, docket entries, court orders, and published statutes are proper subjects of judicial notice.

## 3. Specific Public Records at Issue

Plaintiff incorporates by reference and re-attaches the public-record compilation previously submitted at Doc. 40 and Doc. 40-1, including the anchor appellate record relating to Fleischman v. Pena Finol, 6D2025-1576; comparator appellate cases originating in Polk County reflecting documented record non-transmission, payment-conditioned transmission practices, show-cause orders, orders to transmit, and related public docket events; and the statistical summary drawn from those public appellate records.

Those materials were previously filed in this case as Plaintiff's Request for Judicial Notice of Systematic Pattern and Practice of Appellate Record Transmission Failures.

## 4. Relevance to the Motion to Dismiss

These public records are relevant to the issues raised in Defendant's Motion to Dismiss, Doc. 39, because they bear on Plaintiff's allegations regarding pattern, practice, custom, and the existence of repeated public-record events involving appellate-record transmission failures, including payment-conditioned transmission language and related non-transmission consequences.

2

The original judicial-notice filing summarized a public-record dataset showing 476 relevant appellate orders across 582 Polk-origin cases, 131 Polk cases flagged for show-cause orders relating to record transmission, and 329 flagged payment-conditioned record-transmission events; the filing also identified Plaintiff's own anchor case as involving 118-plus days from notice of appeal to record-transmission failure and dismissal without merits review.

**5. Narrowed Request**

Plaintiff asks the Court to notice the existence and contents of the public records, docket entries, court orders, official status letters, and published statutory materials themselves. Plaintiff does not request judicial notice of disputed factual conclusions beyond what the official records show on their face.

**6. Local Rule 3.01(g) Certificate**

Pursuant to Local Rule 3.01(g), Plaintiff conferred in good faith with Defendant's counsel, Jonathan B. Trohn, Esq., by email on April 1, 2026 regarding this renewed motion. As of the filing of this renewed motion, Defendant had not responded before filing.

Accordingly, Defendant's position is: no response received before filing.

**7. Prayer for Relief**

WHEREFORE, Plaintiff respectfully requests that the Court take judicial notice, pursuant to Federal Rule of Evidence 201, of the existence and contents of the public records and authorities identified in this motion and the attached exhibit, and grant such other relief as is just and proper.

Respectfully submitted,

*April 1, 2026*

/s/ Daniel Benjamin Fleischman

Daniel Benjamin Fleischman

Plaintiff, Pro Se

4885 McKnight Road #123

Pittsburgh, PA 15237

724-462-5730

OperationReunification@gmail.com

4

**CERTIFICATE OF SERVICE**

I certify that on April 1, 2026, I served the foregoing by email and U.S. Mail on:

Jonathan B. Trohn, Esq.

Campbell Trohn Tamayo & Aranda

1701 South Florida Avenue

Lakeland, FL 33803

j.trohn@cttalaw.com

/s/ Daniel Benjamin Fleischman

Daniel Benjamin Fleischman

5