APR 8 2026 PM3:41
FILED - USDC - FLMD - TPA

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF FLORIDA

# TAMPA DIVISION

DANIEL BENJAMIN FLEISCHMAN,

Plaintiff,

v.

**Case No. 8:25-cv-03229-JLB-CPT**

POLK COUNTY CLERK OF COURT,

Defendant.

_____/

# PLAINTIFF'S RENEWED, NARROWED MOTION FOR JUDICIAL

# NOTICE

# OF EXHIBITS A-D AND M-1-M-34 UNDER FED. R. EVID. 201(b) AND

# 201(c)(2)

Plaintiff respectfully moves under Federal Rule of Evidence 201(b) and 201(c)(2)

for judicial notice of specific public records bearing on the Monell policy/custom

issue presented by Defendant's pending Rule 12(b)(6) motion. This request is

intentionally narrow. Plaintiff asks the Court to notice only the existence, content,

1

dates, and procedural posture of the identified records—not the truth of any disputed factual assertion. This limited use avoids Rule 12(d) conversion. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Paez v. Sec'y, Fla. Dep't of Corr., 947 F.3d 649, 651-52 (11th Cir. 2020).

# I. CURRENT POSTURE

Defendant's motion to dismiss (Dkt. 39) remains pending. Plaintiff's opposition (Dkt. 50) and declaration (Dkt. 51) are on file. Prior judicial-notice requests were denied without prejudice on Local Rule 3.01(g) grounds, not on Rule 201 merits (Dkts. 42, 43, 57). This renewed motion cures the conferral issue and narrows the request.

# II. GOVERNING STANDARD

Rule 201(b) permits judicial notice of a fact not subject to reasonable dispute because it can be accurately and readily determined from unquestionable sources. Rule 201(c)(2) makes notice mandatory when a party requests it and supplies the necessary information. United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994); Paez, 947 F.3d at 651-52; La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

# III.  ITEMS FOR WHICH JUDICIAL NOTICE IS REQUESTED

## A.  Four Core Anchor Records

1. Exhibit A: July 8, 2025 civil-indigency approval signed on behalf of the Clerk. Source: Dkt. 12, Ex. C.

2. Exhibit B: October 31, 2025 Sixth DCA order directing the Clerk to address "the effect of Appellant's indigency on any costs associated with the preparation and transmission of the record on appeal." Source: Dkt. 12, Ex. D.

3. Exhibit C: November 3, 2025 Clerk status report: "Once payment is made then the Record will be uploaded." (Issued after indigency already approved 7/8/2025.) Source: Dkt. 12, Ex. F.

4. Exhibit D: November 6, 2025 Sixth DCA order directing transmission and financial arrangements. Source: Dkt. 12, Ex. E.

## B.  Representative Comparators: Exhibits M-1 Through M-27

Twenty-seven representative Sixth DCA orders, docket entries, notices of inability, and Clerk status reports from Polk-origin appeals. Drawn from a broader dataset of 476 corrective orders across 389 cases (2023-2026); the full scope will be developed in discovery. Authenticated in the Declaration below and indexed in the Exhibit Roadmap.

## C.  Timing Demonstratives: Exhibits M-28 Through M-34

Timing demonstratives derived from public docket information, offered only to show the dates and lag intervals. Plaintiff does not ask the Court to resolve any disputed merits question about the cause of every interval on this motion.

## IV.  WHY THE REQUEST IS PROPER AT RULE 12

This motion does not seek conversion to summary judgment. Plaintiff seeks notice only of what the public records say, when they were entered, and how they fit the procedural sequence. Judicial notice of existence, content, dates, and procedural

posture allows the Court to evaluate Monell plausibility without deciding factual disputes reserved for later stages.

## V. LOCAL RULE 3.01(g) CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 3.01(g), Plaintiff certifies that he conferred in good faith with defense counsel regarding the relief requested in this motion. On April 1, 2026, at 9:49 AM, Plaintiff emailed Jonathan Barnet Trohn, Esq., at j.trohn@cttalaw.com, explained that the renewed motion would be limited to public records subject to Rule 201, and requested Defendant's position. On April 2, 2026, at 9:20 AM, Mr. Trohn responded by email, copying Sherry Strickland (s.strickland@cttalaw.com), and stated: "Thank you, Mr. Fleischman, please advise the Court of our objection to your Motion." Defendant opposes. Conferral occurred by email. The parties are unable to agree.

## VI. DECLARATION UNDER 28 U.S.C. § 1746

I, Daniel Benjamin Fleischman, declare under penalty of perjury under 28 U.S.C. § 1746 that the following is true and correct:

5

1. I retrieved the Sixth DCA orders, docket entries, notices of inability, and related materials from the Florida Appellate Case Information System ("ACIS") and from file-stamped public records.

2. I retrieved the Clerk letters and status reports from public-record copies transmitted in official proceedings and from source records already cited in this action.

3. Exhibits A through D establish their existence, content, dates, and procedural posture as public records tied to Plaintiff's own appeal.

4. Exhibits M-1 through M-27 are representative public-record comparator materials from Polk-origin appeals.

5. Exhibits M-28 through M-34 are timing demonstratives compiled from public docket information.

6. This declaration supplies the "necessary information" referenced in FRE 201(c)(2).

Executed on April 8, 2026.

/s/ Daniel Benjamin Fleischman

# VII.  EXHIBIT ROADMAP (A-D AND M-1-M-34)

**POLICY / CUSTOM:**

Exhibit C: "Once payment is made then the Record will be uploaded" (11/3/2025) — direct written admission of fee-conditioning issued after indigency was already approved.

Exhibit B: Sixth DCA Order (10/31/2025) — DCA directing Clerk to address indigency effect on costs.

Exhibit D: Sixth DCA Order (11/6/2025) — DCA ordering transmission and financial arrangements.

Exhibit A: Indigency Approval (7/8/2025) — Clerk-signed civil indigency approval predating the fee-conditioning admission.

**WIDESPREAD CUSTOM (M-1 through M-27, representative):**

Non-transmission orders with show-cause/dismissal warnings across 389 Polk-origin cases.

Clerk status reports conditioning record upload on payment.

Dismissals for failure to ensure transmission.

M-25: Clerk "Notice of Inability to Complete Record."

M-27: Bodily attachment issued without purge; DCA quashed.

7

**DELIBERATE INDIFFERENCE / TIMING (M-28 through M-34):**

Intake lags: 10, 18, 20, 28, 46, 123 days (plus control comparator).

Plaintiff's case: 118+ days; never transmitted; dismissed.

**[ATTACH EXHIBITS A-D AND M-1 THROUGH M-34 IMMEDIATELY FOLLOWING THIS PAGE]**

## VIII.  REQUESTED RELIEF

Plaintiff respectfully requests an order taking judicial notice, for the limited purposes stated above, of Exhibits A through D, M-1 through M-27, and M-28 through M-34.

/s/ Daniel Benjamin Fleischman

Daniel Benjamin Fleischman, Pro Se

4885 McKnight Road, #123

Pittsburgh, Pennsylvania 15237

Telephone: (724) 462-5730

Email: OperationReunification@gmail.com

Dated: April 8, 2026

8

# CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2026, I served a true and correct copy of the foregoing upon all counsel of record by U.S. Mail, first class, postage prepaid, and by courtesy email to:

Jonathan Barnet Trohn, Esq.

Campbell Trohn Tamayo & Aranda

1701 South Florida Avenue

Lakeland, FL 33803

Email: j.trohn@cttalaw.com

/s/ Daniel Benjamin Fleischman

9