Case No. 8:25-cv-03229-JLB-CPT

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

## TAMPA DIVISION

APR 17 2026 PM4:03
FILED - USDC - FLMD - TPA

**DANIEL B. FLEISCHMAN,**

   Plaintiff,

v.

**POLK COUNTY CLERK OF COURT,**

   Defendant.

**Case No. 8:25-cv-03229-JLB-CPT**

_____

## PLAINTIFF'S MOTION FOR ORDER

## PRESERVING ELECTRONICALLY STORED INFORMATION

### I. PRECISE RELIEF REQUESTED

Plaintiff Daniel B. Fleischman, proceeding pro se, respectfully moves this

Court pursuant to Federal Rule of Civil Procedure 37(e) and the Court's inherent

authority to enter an order directing Defendant Polk County Clerk of Court

1

("Clerk") to preserve electronically stored information ("ESI") related to the Clerk's correction-queue processing of two state-court e-filings on April 16–17, 2026, as described in Plaintiff's contemporaneously filed Notice of Filing Supplemental Evidence of Ongoing Clerk Obstruction.

Specifically, Plaintiff requests an order directing Defendant to preserve:

(1) Case management system ("CMS") audit and transaction logs for Filing Nos. 246110768 and 246117584, including every status change, queue movement, user ID, workstation or IP address, and field-value change;

(2) Correction-queue workflow records, including routing entries, dwell times, bounce-back notifications, and portal-to-CMS handoff logs;

(3) Reviewer identity information, including user IDs, role and permissions at time of action, supervisor chain, and any reassignment or override records;

(4) Florida Courts E-Filing Portal records, including submission receipts, confirmation numbers, rejection and correction notices, and portal-to-CMS handoff metadata;

(5) Policies, standard operating procedures, training materials, and internal bulletins governing correction-queue processing, filing review, rejection, and docket-entry procedures, from October 16, 2025 through the present;

(6) Communications among clerk staff, supervisors, and IT personnel regarding the subject filings, the correction queue, and any incidents involving misrouting or rejection;

(7) System and architecture documentation, including vendor information, software version, log-retention configurations, and backup rotation schedules; and

(8) Immediate suspension of all routine deletion, purging, or overwriting of the foregoing categories of ESI, with preservation in native format with associated metadata.

## II. BASIS FOR THE REQUEST

On April 16, 2026, Plaintiff submitted Filing No. 246110768 at 09:49:40 AM and Filing No. 246117584 at 10:33:17 AM through the Florida Courts E-Filing Portal in two separate Polk County family cases. Both filings were confirmed by the Portal and triggered automated e-service notices.

3

On April 17, 2026, the Clerk moved both filings to the Correction Queue within seventy-one seconds of each other (10:11:29 AM and 10:12:40 AM). Both correction-queue notices contained identical, duplicated language: "Is barred by order of court or is otherwise incapable of being filed in the clerks case maintenance system," stated twice in each notice. Neither notice identified any court order by title, date, docket number, or issuing judge. Both also stated: "Documents need to be filed in black and white."

The ESI underlying these correction-queue actions—including CMS audit logs, workflow queue records, reviewer identity information, and e-filing portal metadata—is subject to routine overwrite and deletion under standard IT retention schedules. Without a preservation order, this evidence will be permanently lost. This ESI is directly relevant to Plaintiff's claims under 42 U.S.C. § 1983, including Plaintiff's access-to-courts and *Monell* custom-or-practice claims.

## III. LEGAL MEMORANDUM

### A. The Court Has Authority to Order Preservation of ESI

Federal Rule of Civil Procedure 37(e) governs the failure to preserve ESI and authorizes remedial measures when information "that should have been

4

preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it." Fed. R. Civ. P. 37(e). The duty to preserve arises "when the party has notice that the evidence is relevant to litigation." *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216–18 (S.D.N.Y. 2003). District courts have "broad discretion" to fashion remedies for spoliation. *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 944–45 (11th Cir. 2005); *see also ML Healthcare Servs. v. Publix Super Mkts.*, 881 F.3d 1293, 1307–08 (11th Cir. 2018).

Courts evaluate the propriety of a preservation order under a three-factor balancing test: (1) the level of concern for continued existence of the information absent an order; (2) the risk of irreparable harm absent an order; and (3) the capability of the party to preserve, including the burden imposed. *Capricorn Power Co. v. Siemens Westinghouse Power Corp.*, 220 F.R.D. 429, 433–34 (W.D. Pa. 2004); *see also* M.D. Fla. Handbook on Civil Discovery Practice, Ch. VIII (endorsing early litigation holds and ESI preservation planning).

### B. All Three Factors Favor Preservation

*1. Risk of Loss Is High.* CMS audit logs, correction-queue workflow records, and e-filing portal session data are maintained on transactional database systems subject to routine overwrite, log rotation, and archival purging. Without

affirmative preservation, the records showing who processed Plaintiff's filings, what template or macro generated the duplicated boilerplate language, and what court order (if any) was relied upon will be permanently destroyed in the ordinary course of IT operations.

2. *Irreparable Harm.* This ESI is central to Plaintiff's claims. The reviewer identity and supervisor chain are necessary to establish who made the correction-queue determination. The audit trail timestamps are necessary to reconstruct the sequence of the processing decision. The template or macro source is necessary to prove that the identical, duplicated boilerplate reflects standardized office methodology rather than individualized case review. The order-reference field (if any) is necessary to determine whether an actual court order existed. Loss of this ESI would cause irreparable prejudice to Plaintiff's ability to prove these claims.

3. *Minimal Burden.* The Clerk already maintains CMS audit logs, workflow records, and portal metadata for operational and audit purposes. Preservation requires only that Defendant suspend routine deletion and purging of these categories of ESI and maintain them in native format with associated metadata. This imposes no meaningful additional burden.

Case No. 8:25-cv-03229-JLB-CPT

Respectfully submitted,

April 17 2026

/s/ Daniel B. Fleischman

**DANIEL B. FLEISCHMAN**

Pro Se Plaintiff

operationreunification@gmail.com

(407) 693-6297

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), the undersigned certifies as follows:

On April 17, 2026, at 3:09 PM, Plaintiff sent an email to counsel for Defendant, Jonathan B. Trohn, Esq. (j.trohn@cttalaw.com), advising of the relief sought in this Motion and requesting Defendant's position on the requested preservation. As of the time of filing, Defendant's counsel has not responded, and

7

Case No. 8:25-cv-03229-JLB-CPT

Plaintiff therefore files this Motion subject to supplementation under Local Rule

3.01(g)(3).

April 17 2026

/s/ Daniel B. Fleischman

**DANIEL B. FLEISCHMAN**

Pro Se Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 17, 2026, I electronically filed the

foregoing with the Clerk of Court by using the CM/ECF system, which will send a

Notice of Electronic Filing to all counsel of record, including Jonathan B. Trohn,

Esq., j.trohn@cttalaw.com.

April 17 2026

/s/ Daniel B. Fleischman

**DANIEL B. FLEISCHMAN**

Pro Se Plaintiff

8