APR 20 2026 PM4:02
FILED - USDC - FLMD - TPA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

DANIEL BENJAMIN FLEISCHMAN,

Plaintiff,

v.Case No. 8:25-cv-03229-JLB-CPT

POLK COUNTY CLERK OF COURT,

Defendant.

---

### PLAINTIFF'S MOTION FOR LEAVE TO FILE REPLY
### TO DEFENDANT'S COMBINED OPPOSITION (Doc. 70)

Plaintiff Daniel Benjamin Fleischman, proceeding pro se, respectfully moves this Court for leave to file a reply to Defendant's Response in Opposition (Doc. 70), filed April 17, 2026, responding to Plaintiff's Motion for Leave to Lodge Video Exhibits (Doc. 47), Renewed Motion for Judicial Notice (Doc. 52), and Renewed, Narrowed Motion for Judicial Notice (Doc. 62). This motion is filed pursuant to Local Rule 3.01(e).

### I. NEED FOR A REPLY

A reply is necessary because Doc. 70 introduces material mischaracterizations of the operative pleading that, if uncorrected, could lead the Court to rule on a distorted record:

**First,** Defendant asserts that "Plaintiff made no 'Monell policy/custom' allegations in his Amended Complaint" (Doc. 70 at 5) and characterizes Plaintiff's allegations as "false" (Doc. 70 at 7). This is directly contradicted by Paragraph 18 of the Amended Complaint (Doc. 12), which alleges "a systemic

pattern spanning hundreds of Polk County appellate cases in which the Clerk conditioned record transmission on prepayment despite indigency determinations." Defendant's own filing quotes this language verbatim at page 7 and then calls it "false" without any evidentiary basis. A complaint need not invoke "Monell" by name to state a municipal-liability claim. *Leatherman v. Tarrant County*, 507 U.S. 163, 168 (1993).

**Second,** Defendant concedes that *M.L.B. v. S.L.J.*, 519 U.S. 102 (1996), is good law (Doc. 70 at 8) but argues it does not apply because "there was no trial court decree terminating his parental rights." Defendant's own Exhibit B—the Final Judgment of Injunction for Protection Against Domestic Violence (Doc. 70-2)—refutes this argument. That judgment awards Petitioner 100% of timesharing and Respondent 0% (¶ 14a), enters a permanent injunction enforceable by arrest in all counties of Florida, and defers all timesharing to a separate case (¶ 18). The practical effect is a functional termination of parental rights. Plaintiff's appeal to the Sixth District Court of Appeal (Case No. 6D2025-1576) was his only avenue to challenge this order. The Clerk's refusal to transmit the appellate record without prepayment rendered that appeal unreviewable—precisely the wealth-based barrier *M.L.B.* prohibits.

**Third,** Defendant argues the comparator appellate records are irrelevant because no Monell claim is pleaded. Because the Monell claim *is* pleaded at    18, this derivative argument fails. Moreover, while this motion was being prepared, the Clerk rejected Plaintiff's filings in two unrelated state-court cases on April 17 and again on April 20, 2026, using the notation "barred by order of court or is otherwise incapable of being filed." No such order has been identified. This contemporaneous obstruction of court access by the very entity Defendant represents underscores the systemic pattern alleged in the Amended Complaint and the relevance of the comparator evidence.

## II. LENGTH OF PROPOSED REPLY

Plaintiff respectfully requests leave to file a reply not to exceed seven (7) pages.

## III. SERVICE IRREGULARITY

Although Doc. 70's Certificate of Service states it was served on April 17, 2026, Plaintiff did not receive a courtesy copy until April 20, 2026 at 1:43 PM, when Defendant's litigation assistant transmitted it via email. Plaintiff reserves all rights regarding this service irregularity under FRCP 5(b) and 6(d).

## LOCAL RULE 3.01(g) CERTIFICATION

Plaintiff has not conferred with Defendant regarding this motion because Local Rule 3.01(e) prohibits any response to a motion for leave to reply, rendering conferral futile. Plaintiff served a conferral email to all five of Defendant's counsel email addresses on April 20, 2026, addressing the substance of Doc. 70 and this intended motion. Plaintiff discloses that this motion is believed to be opposed based on Defendant's litigation posture.

Respectfully submitted,

/s/ Daniel Benjamin Fleischman
**DANIEL BENJAMIN FLEISCHMAN**

April 20 2026

Pro Se Plaintiff

OperationReunification@gmail.com

724-462-5730

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 20, 2026, I served the foregoing via electronic mail to counsel for Defendant at: j.trohn@cttalaw.com, jbtservice@cttalaw.com, c.acosta@cttalaw.com, s.strickland@cttalaw.com, and c.velez@cttalaw.com.

/s/ Daniel Benjamin Fleischman
Daniel Benjamin Fleischman, Pro Se