*Case No. 8:25-cv-03229-JLB-CPT*

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

DANIEL B. FLEISCHMAN,

    Plaintiff,

v.

POLK COUNTY CLERK OF COURT,

    Defendant.

_____/

**Case No. 8:25-cv-03229-JLB-CPT**

MAY 4 2026 PM3:51
FILED - USDC - FLMD - TPA

## PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

## UNDER 28 U.S.C. § 1651 AND FED. R. CIV. P. 65,

## MOTION TO PRESERVE EVIDENCE,

## AND REQUEST FOR EXPEDITED CONSIDERATION,

## AGAINST NON-PARTY RANDALL SETH RICHEY

Plaintiff Daniel B. Fleischman respectfully moves this Court on an emergency basis for entry of a temporary restraining order, pursuant to the All Writs Act, 28 U.S.C. § 1651, and Federal Rule of Civil Procedure 65, restraining non-party Randall Seth Richey from continuing a documented and escalating course of conduct directed at Plaintiff and Plaintiff's minor child during the pendency of this federal civil-rights action, and from invoking and coordinating with the named Defendant in furtherance of that conduct. Plaintiff further moves this Court for an Order directing Richey to preserve all communications, documents, and metadata relating to Plaintiff or to this litigation, and for expedited consideration of the relief requested. The narrowest and most easily grantable relief is the preservation order and an expedited briefing schedule (or limited hearing); the targeted restraints described herein follow from the same record. In support, Plaintiff states:

## I. Introduction

Over a sixty-four (64) hour window between Friday, May 1, 2026 and Sunday, May 3, 2026, non-party Randall Seth Richey transmitted four communications to Plaintiff that: (a) inquire by first name about Plaintiff's minor child; (b) reference this pending federal civil-rights litigation; (c) treat Plaintiff's public commentary about this litigation as constructive "service" of state-court process on a confidential injunction docket; (d) attach and threaten further dissemination of Plaintiff's confidential mental-health records and other private records; and—most critically—(e) **expressly state that Richey has "forwarded" his communications to the named Defendant, the Polk County Clerk of Court, in furtherance of the foregoing conduct.**

Plaintiff characterizes this conduct as non-party harassment of a federal litigant and seeks relief under the All Writs Act and Rule 65. The Eleventh Circuit, sitting on appeal from the United States District Court for the Middle District of Florida, Tampa Division, has affirmed an injunction in factually analogous circumstances. *See United States v. Tison*, 780 F.2d 1569 (11th Cir. 1986). The relief Plaintiff requests is narrow, targeted, and necessary to preserve the integrity of these proceedings and the safety of Plaintiff and Plaintiff's minor child.

## II. Relief Requested

Plaintiff respectfully requests that this Court enter an Order:

(a) Restraining Randall Seth Richey, and all persons in active concert or participation with him who receive actual notice of this Order, from transmitting any **threatening, harassing, intimidating, or retaliatory** communications to Plaintiff that reference, concern, or arise out of this federal civil-rights litigation;

(b) Restraining Richey from using references to Plaintiff's minor child in threatening, harassing, intimidating, retaliatory, or litigation-interfering communications directed to Plaintiff during the pendency of this case;

(c) Restraining Richey from disclosing, publishing, transmitting, or threatening to disclose, publish, or transmit, during the pendency of this case and to the extent such conduct is undertaken to harass, intimidate, or retaliate in connection with this litigation,

(i) Plaintiff's confidential and nonpublic health, mental-health, or medical records (including but not limited to the Lakeland Police Department "Baker Act" record dated October 21, 2018 referenced in Exhibit B-2); (ii) the specific document transmitted in Exhibit B-3 (the Polk County Final Judgment for Possession dated September 4, 2025); and (iii) any further records Richey identified in his May 2, 2026 email as items he "can send" (the "current domestic violence injunction and other items" referenced therein); nothing in this paragraph restrains mere possession or citation of public court filings outside the litigation-related conduct described above;

(d) Restraining Richey from initiating or engaging in communications with the Office of the Polk County Clerk of Court for the purpose of coordinating service, process, or filings directed at Plaintiff that reference, concern, or arise out of this federal civil-rights litigation, or otherwise acting in active concert with that Office to harass, intimidate, or retaliate against Plaintiff during the pendency of this case; this paragraph does not prohibit lawful filings or lawful service through neutral authorized channels;

(e) Directing Richey to preserve, in native format with full headers and metadata, all communications, documents, electronically stored information, transmissions, and metadata reflecting any contact with the Office of the Polk County Clerk of Court, the Polk County Sheriff's Office, the Lakeland Police Department, or any other state actor relating to Plaintiff or to this litigation;

(f) Setting an expedited briefing schedule or, in the Court's discretion, a limited telephonic hearing on the requested relief;

(g) Authorizing service of this Order upon Richey by electronic mail at operationservedaniel@gmail.com—the email address from which Richey transmitted the communications described herein—within forty-eight (48) hours of entry, with leave for Plaintiff to effect any additional service the Court directs; and

(h) Granting such further relief as the Court deems just and proper.

For the avoidance of doubt, the requested relief does *not* bar Richey from effecting lawful service of any state-court process solely through a neutral process server, sheriff, or other officer

authorized by Florida law, or filing independent state-court pleadings, provided such actions are not undertaken in active concert with the Polk County Clerk of Court to harass, intimidate, or retaliate against Plaintiff in connection with this litigation.

## III. Factual Background

### A. The Pending Federal Civil-Rights Action

This case is a pending civil-rights action under 42 U.S.C. § 1983 alleging First Amendment access-to-courts and Fourteenth Amendment due process violations against the Polk County Clerk of Court, with municipal-liability theories under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Defendant's Motion to Dismiss (Doc. 70) is fully briefed and pending. Plaintiff's Notice of Supplemental Evidence of Ongoing Clerk Obstruction (Doc. 71) is on the docket. The case remains active.

### B. The Confidential State-Court Injunction Architecture

Non-party Randall Seth Richey is one of multiple petitioners holding domestic-violence injunctions against Plaintiff on confidential Polk County state-court dockets. The case number Richey himself references in his communications—2025-DR-006071-A000-BA—is, on information and belief, one such confidential docket. Plaintiff resides in Pennsylvania, more than one thousand miles from the issuing court, and the underlying state-court files are accessible only by in-person retrieval with photo identification at the Polk County courthouse. The confidential nature of these proceedings is itself the subject of allegations in the operative pleading and constitutes core evidence supporting Plaintiff's access-to-courts claim under *Christopher v. Harbury*, 536 U.S. 403 (2002).

### B.1. Pre-Suit Polk Records Online Search and the August 2025 Course of Conduct (Exhibit B-5)

The August 2025 course of conduct described in this subsection is independently authenticated by Plaintiff's accompanying Declaration and attached as Exhibit B-5 (a composite three-page exhibit consisting of: (a) a Polk County Clerk "Polk Records Online" public-search result page dated October 16, 2025; (b) a August 17, 2025 email from Richey using the same

operationservedaniel@gmail.com address employed in the May 2026 emails described herein; and (c) a August 12, 2025 email from Richey from the same address attaching three state-court documents). Three independent points emerge from Exhibit B-5 that bear directly on the present Motion.

First, the Polk Records Online search of October 16, 2025 (Ex. B-5(a)) confirms the architecture pleaded in the operative Complaint and described above. The publicly available record for the very state-court case that Richey himself cites in his May 2, 2026 email—case number 2025-DR-006071-A000-BA—appears in the Clerk's public records-search interface, but the columns labeled "Party," "Division," "Filing Date," "Judge Name," and "Action" are each blank as displayed to the public user. The case exists; the metadata that would permit a non-resident litigant to monitor it does not. This is the precise access-to-courts injury Plaintiff has alleged.

Second, Richey's pattern of using non-judicial channels for service-related contact predates this federal action by approximately nine months. On August 12, 2025, Richey transmitted an email from the same operationservedaniel@gmail.com account he later used in May 2026 (Ex. B-5(c)). That email was addressed not only to four of Plaintiff's personal email addresses but also to Corporal Eric Nye of the Chippewa Township Police Department (enye@chippewa-twp.org), Sergeant T. Westwood of the Robinson Township Police Department (twestwood@robinsonpd.com), Plant City Law (mail@plantcitylaw.com), and—most relevant here—to MichelleThurner@polk-county.net, an email address on the polk-county.net domain owned by Polk County government. Attached to that email were three state-court documents bearing on case 2025-DR-006071-A000-BA: an Order Extending Temporary Injunction, a Temporary Injunction for Protection Against Stalking, and a separately captioned "Cease and Desist for Libel and Slander" under Fla. Stat. § 770.01.

Third, on August 17, 2025, Richey sent a follow-up email expressly captioned "Second attempt" to the same recipient list, repeating his demand that law enforcement effect service and stating: "If I do not receive a response, I will proceed with escalated legal methods of service as permitted by law." (Ex. B-5(b).) The combination of the operationservedaniel@gmail.com handle, the multi-jurisdictional law-enforcement distribution list, and the inclusion of a polk-county.net Polk County government email account, demonstrates that Richey's May 2026 written reference to having "forwarded this information to the clerk of courts" (Ex. B-1) is

consistent with a pre-existing communication channel into a Polk County government email account that long predates this federal action. That pre-existing channel is the active-concert predicate for the relief requested under Federal Rule of Civil Procedure 65(d)(2).

### C. The Course of Conduct: Four Communications in Sixty-Four Hours

Beginning Friday, May 1, 2026, and continuing through Sunday, May 3, 2026, Richey transmitted four separate communications to Plaintiff. Each is authenticated and described in the accompanying Declaration of Daniel B. Fleischman (Exhibit A) and attached as Exhibits B-1 through B-4. Three of the four communications were transmitted from a Gmail account styled "Operation Serve Daniel" (operationservedaniel@gmail.com)—an account whose name on its face evidences premeditation and a focused course of conduct directed at Plaintiff. Richey signed the first email "-Randall Seth Richey," establishing his identity as the sender of all four communications.

### 1. Friday, May 1, 2026 at 6:49 PM ET — SMS Reference to Plaintiff's Minor Child

Following Plaintiff's public posts about this federal litigation on Thursday morning, Richey transmitted an unsolicited SMS text message to Plaintiff at approximately 6:49 PM Eastern Time on Friday, May 1, 2026. The message read, in its entirety: "How is [son]?", referring by first name to Plaintiff's minor child. Richey has no legitimate basis or invitation to inquire about Plaintiff's child. *See* Decl. ¶ 9 & Ex. B-4 (redacted to protect minor).

### 2. Saturday, May 2, 2026 at 11:46 AM ET — Constructive-Service Claim and Express Coordination With the Named Defendant

On Saturday, May 2, 2026 at 11:46 AM Eastern Time, Richey transmitted an email from operationservedaniel@gmail.com to Plaintiff with the subject line "Thank you for your acknowledgement." The body reads, in its entirety (emphasis added): "Thank you for publicly acknowledging your receipt of service attempts of injunction case # (2025-DR-006071-A000-BA). **I have forwarded this information to the clerk of courts.** Have a blessed day."

Plaintiff relies on this email to support two points. *First*, it confirms that Richey treats Plaintiff's public commentary about this federal litigation as a substitute for service of state-court process—an assertion contrary to settled Florida law on service of individuals. *See* Fla. R. Civ. P. 1.070; Fla. Stat. §§ 48.031, 48.194; *Shurman v. Atl. Mortg. & Inv. Corp.*, 795 So. 2d 952 (Fla. 2001). *Second*, and most significantly, the email is a **written admission by the sender that he has "forwarded" the matter to the named Defendant in this case—the Polk County Clerk of Court.** That admission is evidence warranting preservation and inquiry into whether Richey-side communications were received, processed, logged, routed, or acted upon by the Clerk during the pendency of federal civil-rights litigation against the Clerk. *See* Decl. ¶ 10 & Ex. B-1.

The tone of the May 2, 2026 11:46 AM email is also probative. The subject line—"Thank you for your acknowledgement"—and the closing line—"Have a blessed day"—read in conjunction with the body's claim that Plaintiff's public commentary about this federal litigation operates as a substitute for state-court service of process, are reasonably understood as derisive rather than as a good-faith communication seeking to resolve any service question. The sarcastic register of the message, when paired with the same-day attachment of a confidential mental-health record three hours later (Ex. B-2) and the next day's transmission of an eviction judgment with the closing line "I'm gathering other items as promised" (Ex. B-3), supports the inference that the four communications form a single intentional course of conduct rather than four discrete civil-procedure inquiries.

### *3. Saturday, May 2, 2026 at 3:06 PM ET — Transmission of Confidential Mental-Health Record and Threat of Further Dissemination*

Approximately three hours later, on Saturday, May 2, 2026 at 3:06 PM Eastern Time, Richey transmitted a second email from operationservedaniel@gmail.com to three of Plaintiff's email addresses, including Plaintiff's professional business email (Daniel@exponentialbusinesscoaching.com). The subject line reads "New things to post." Attached to the email is a photographic image of a **Lakeland Police Department records page dated October 21, 2018, designating Plaintiff as the subject of a "Baker Act" involuntary**

**mental-health proceeding.** The body of the email reads, in its entirety: "Daniel, feel free to post this to your facebook. I can send your recent eviction, your current domestic violence injunction and other items that you might want to present to the public as well."

This email establishes three additional facts. *First*, Richey has obtained, and possesses, a confidential law-enforcement mental-health record concerning Plaintiff. The means by which Richey acquired that record are not apparent and warrant inquiry, particularly given Richey's prior-paragraph statement that he forwarded matters to the Clerk's office, the provenance of which Plaintiff seeks to investigate. *Second*, Richey has explicitly threatened further dissemination of Plaintiff's "recent eviction," "current domestic violence injunction," and other unspecified "items." *Third*, Richey directed the email to Plaintiff's professional business email address, demonstrating both research and intent to amplify reputational harm. *See* Decl. ¶ 11 & Ex. B-2.

### 4. *Sunday, May 3, 2026 at 11:25 AM ET — Transmission of Eviction Judgment and Promise to Continue*

On Sunday, May 3, 2026 at 11:25 AM Eastern Time, Richey transmitted a third email from operationservedaniel@gmail.com to the same three email addresses. The subject line reads "EVICTION 2025." The email contains a Polk County Final Judgment for Possession dated September 4, 2025 (Case No. 2025-CC-007270), bearing recording instrument number 2025207192 of the Polk County Clerk of Court—the named Defendant in this action—indicating Defendant's office had recorded the document. The accompanying message states, in pertinent part: "post this to your page. I'm gathering other items as promised."

The phrase "as promised" refers back to the threat of further dissemination made in the prior day's email (Ex. B-2); Plaintiff cites this language as indicative of ongoing activity and as a basis for preservation and inquiry. *See* Decl. ¶ 12 & Ex. B-3.

### D. Plaintiff's Conduct and Posture

Plaintiff has not communicated with Richey, has not invited contact, and has taken no action that would reasonably justify the four communications described above. Plaintiff has not been lawfully served with the underlying state-court process Richey purports to advance. Plaintiff vacated the prior residence referenced in Exhibit B-3 under circumstances involving fear for personal safety. The records Richey threatens to disseminate are personal and not matters of public concern. *See* Decl. ¶¶ 4-6, 13-15.

## IV. Legal Standard

### A. The All Writs Act Authorizes This Court to Enjoin Non-Party Conduct Threatening the Integrity of Pending Proceedings

The All Writs Act provides that federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The Eleventh Circuit's controlling decision in *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092 (11th Cir. 2004), establishes three principles directly dispositive of this Motion.

*First*, "the requirements for a traditional injunction do not apply to injunctions under the All Writs Act because a court's traditional power to protect its jurisdiction, codified by the Act, is grounded in entirely separate concerns." *Klay*, 376 F.3d at 1100. There is no requirement to demonstrate irreparable harm, balance of equities, public interest, or likelihood of success on the merits. The Court "must simply point to some ongoing proceeding, or some past order or judgment, the integrity of which is being threatened by someone else's action or behavior." *Id.*

*Second*, the All Writs Act's reach extends beyond the named parties. Quoting *United States v. New York Telephone Co.*, 434 U.S. 159, 174 (1977), the Eleventh Circuit confirmed that such writs "may be directed to not only the immediate parties to a proceeding, but to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice, and . . . even those who have not taken any affirmative action to hinder justice." *Klay*, 376 F.3d at 1100.

*Third*, the Eleventh Circuit reaffirmed in *In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233 (11th Cir. 2006), that "while proceedings are pending, [a court] may enjoin almost any conduct which, left unchecked, would have . . . the practical effect of diminishing the court's power to bring the litigation to a natural conclusion." *Id.* at 1259 (citation omitted).

### B. Tison Is Binding Authority From This Division on Substantially Identical Facts

In *United States v. Tison*, 780 F.2d 1569 (11th Cir. 1986), the Eleventh Circuit affirmed an injunction issued by the United States District Court for the Middle District of Florida, Tampa Division, prohibiting non-parties from filing a state civil action against a federal litigant. The Eleventh Circuit held that the threatened state-court action constituted "harassment" warranting the injunction. While *Tison* arose in a related criminal context, its core holding—that a federal court in this Division may enjoin a non-party from using state-court process to harass a federal litigant during pending federal proceedings—applies with equal or greater force in a federal civil-rights action where the non-party has stated in writing that he forwarded matters concerning Plaintiff to the named federal defendant.

### C. Federal Rule of Civil Procedure 65(d)(2) Reaches Persons in Active Concert

Rule 65(d)(2) provides that an injunction binds not only the parties but also "other persons who are in active concert or participation" with the parties, their officers, agents, and employees, who receive actual notice. The Eleventh Circuit confirmed in *ADT LLC v. NorthStar Alarm Services, LLC*, 853 F.3d 1348 (11th Cir. 2017), that this scope is governed by federal law, not state law. Here, the non-party has asserted in writing that he forwarded matters to the named Defendant's office, providing a record basis to ensure that any concert or participation falls within the Order's reach.

### D. Alternatively, Traditional Rule 65 TRO Factors Are Satisfied

Although *Klay* relieves Plaintiff of the obligation to satisfy the traditional four-factor test, the Court need not reach that question because each factor is independently satisfied here. *First*, Plaintiff has a substantial likelihood of success on the merits of the underlying access-to-courts

and due-process claims, as reflected in the operative pleading and Doc. 70 reply briefing. *Second*, the threatened harm is irreparable: once Plaintiff's confidential mental-health records and other private records are further disseminated, no monetary remedy can restore privacy, *see Ferraro v. Sec'y of U.S. Dep't of Health & Human Servs.*, 780 F. Supp. 978, 996 (E.D.N.Y. 1992), and the chilling effect on Plaintiff's continued participation in this litigation is itself an irreparable harm. *Third*, the balance of equities favors Plaintiff: Richey loses nothing legitimate by being restrained from threatening communications, dissemination of confidential records, and coordination with the named Defendant, while Plaintiff stands to lose the integrity of these proceedings, his privacy, and his peace of mind regarding his minor child. *Fourth*, the public interest favors entry of the requested Order, both because the public has a strong interest in the integrity of federal civil-rights proceedings and because the public has a strong interest in protecting children from being drawn into adult litigation as collateral pressure points.

## V. Argument

### A. Richey's Conduct Threatens the Integrity of This Proceeding Within the Meaning of Klay and Bayshore Ford

The *Klay* standard is satisfied on the face of the four communications. This action is pending. Defendant's Motion to Dismiss is *sub judice*. Plaintiff's Notice of Supplemental Evidence (Doc. 71) is on the docket. Richey's communications expressly reference this litigation, threaten consequences calculated to deter Plaintiff's continued participation, transmit and threaten further transmission of confidential records, and—in a written statement—identify the named Defendant as a recipient of communications concerning Plaintiff. That is the textbook "action or behavior" threatening the "integrity" of an "ongoing proceeding." *Klay*, 376 F.3d at 1100.

The *Bayshore Ford* formulation is satisfied *a fortiori*. Threats to continue disseminating a federal civil-rights plaintiff's confidential mental-health records, prior eviction records, and other private information—coupled with Richey's own written assertion that he has forwarded the matter to the named Defendant's office—would, "left unchecked, have the practical effect of diminishing the court's power to bring the litigation to a natural conclusion." 471 F.3d at 1259. The chilling effect on Plaintiff's continued participation, on his ability to make public statements about

matters of public concern relating to this litigation, and on his peace of mind as the parent of a minor child whose name has been invoked by Richey, is direct and ongoing.

### B. *Tison Authorizes the Precise Relief Requested*

The factual analogy to *Tison* is direct. In *Tison*, a non-party sought to use state-court process to chill a federal litigant's participation in pending federal proceedings. The court enjoined that conduct, and the Eleventh Circuit affirmed. The same logic and the same authority apply here. Richey is not a named party to this case, yet his communications—referencing this case, threatening collateral consequences, transmitting confidential records, and asserting coordination with the named Defendant—represent precisely the kind of non-party harassment *Tison* addresses.

### C. *Rule 65(d)(2) Properly Reaches the Coordinated Conduct*

Plaintiff does not move to enjoin Defendant. Plaintiff moves to enjoin Richey. By operation of Rule 65(d)(2) and *ADT LLC*, an order restraining Richey reaches any persons in "active concert or participation" with him who receive actual notice. Richey's own May 2, 2026 email—"I have forwarded this information to the clerk of courts"—provides written, contemporaneous evidence sufficient to invoke that scope. The relief requested does not require this Court to make any preliminary findings adverse to Defendant on the pending Motion to Dismiss.

### D. *The Reference to Plaintiff's Minor Child Independently Warrants Protective Relief*

The unsolicited SMS message of Friday, May 1, 2026—inquiring by first name about Plaintiff's minor child—stands on its own. It is not within the four corners of the federal lawsuit. It is not within the four corners of any state-court proceeding to which Richey is a party. Plaintiff is aware of no legitimate purpose for which a non-party petitioner in a confidential state injunction proceeding inquires by first name about the minor child of an opposing party residing in another state. In context—following Plaintiff's public posts about this federal civil-rights litigation, and immediately preceding three escalating emails referencing the named Defendant's office and threatening dissemination of confidential records—the reference to Plaintiff's minor child is

reasonably understood as escalation. The communication serves only to communicate that the sender is willing and able to direct attention to Plaintiff's family in furtherance of the course of conduct described above.

### E. The Requested Relief Is Narrow and Tailored

Plaintiff does not request a broad gag order, a no-contact order untethered to this litigation, or any restraint on Richey's lawful state-court remedies properly pursued through proper service of process. The proposed Order targets only: (i) **threatening, harassing, intimidating, or retaliatory** communications referencing this federal litigation; (ii) contact, reference, or inquiry concerning Plaintiff's minor child; (iii) further disclosure of Plaintiff's confidential records during pendency; (iv) coordination with the named Defendant; and (v) preservation of evidence relating to the foregoing. Each component is directly traceable to specific statements in the four communications and to specific protective interests recognized by federal law. The proposed Order expressly preserves Richey's ability to effect lawful service through a neutral process server or sheriff and to file independent state-court pleadings unconnected to coordination with the Clerk.

### F. Emergency Relief Is Warranted

The four communications occurred in a sixty-four (64) hour window. The course of conduct is escalating: from an SMS referencing Plaintiff's child, to an email stating that information was forwarded to the named Defendant's office, to an email transmitting an eight-year-old confidential mental-health record, to an email transmitting an eviction judgment with the explicit promise that more is coming. The threatened disclosures are inherently irreparable—once private health, mental-health, and residential records are further disseminated, no monetary remedy restores privacy. The threatened ongoing communications with Defendant's office are, by their terms, prospective and continuing. The reference to Plaintiff's minor child raises concerns of a nature that no federal court should require Plaintiff to bear without protective intervention. Emergency consideration is appropriate.

## G. Bond Under Rule 65(c)

Plaintiff respectfully requests that the Court waive any bond requirement under Federal Rule of Civil Procedure 65(c) or, in the alternative, set nominal security in the amount of one hundred dollars ($100), because: (i) the requested relief is preservative rather than monetary and imposes no economic restraint on Richey; (ii) the relief preserves the integrity of a federal civil-rights proceeding and protects against irreparable misuse of confidential records; (iii) Plaintiff is appearing without counsel and is a federal civil-rights litigant; and (iv) the Eleventh Circuit recognizes that the bond requirement is committed to the sound discretion of the district court and may be waived where, as here, the equities and the public interest support waiver. *See BellSouth Telecomms., Inc. v. MCImetro Access Transmission Servs., LLC*, 425 F.3d 964, 971 (11th Cir. 2005).

## H. Service on Non-Party Richey

Plaintiff respectfully requests authorization to serve any Order entered, together with this Motion and supporting papers, on Richey by electronic mail at operationservedaniel@gmail.com—the email address from which Richey transmitted each of the three emails described herein—within forty-eight (48) hours of entry. Service by that means is reasonably calculated to reach Richey because Richey himself selected and used that email address to communicate with Plaintiff during the course of conduct giving rise to this Motion. *Cf.* Fed. R. Civ. P. 4(f)(3); *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017-18 (9th Cir. 2002) (email service permissible where reasonably calculated to give notice). Plaintiff will file a notice of service following effectuation.

## I. Compliance with Local Rules 6.01 and 6.02

For the avoidance of any procedural doubt, this Motion is filed in full compliance with Middle District of Florida Local Rules 6.01 and 6.02. A separate proposed Order is attached pursuant to Local Rule 6.02(a)(1). The Motion identifies the precise relief sought and the legal authority supporting it (Sections II and IV), pursuant to Local Rule 6.01(b)(1)-(2). The Motion sets forth the facts establishing entitlement to relief, supported by a sworn Declaration under 28 U.S.C. §

1746 (Section III and Exhibit A), pursuant to Local Rule 6.01(b)(3). The Motion addresses each substantive element required by Local Rule 6.02(a)(2)-likelihood of success on the merits (Section IV.D.1), threat of irreparable injury (Section IV.D.2 and V.F), balance of equities (Section IV.D.3), and the public interest (Section IV.D.4)-and pleads, in the alternative, that the All Writs Act standard articulated in Klay does not require traditional injunction factors. The Motion further sets forth the basis for emergency consideration under Local Rule 3.01(e) (Section V.F) and for ex parte/expedited treatment based on Plaintiff's good-faith efforts at conferral and the impracticability of full conferral with a non-party harasser. Plaintiff respectfully submits that this filing satisfies the procedural requirements identified by the Court in Crane v. United States, 2024 WL 670426, at *1 (M.D. Fla. Jan. 4, 2024).

### J. Personal Jurisdiction and Service Authority Over Non-Party Richey

Rule 65(d)(2) authorizes the Court to bind "parties"; the "parties' officers, agents, servants, employees, and attorneys"; and "other persons who are in active concert or participation" with the parties or their agents, "who receive actual notice of [the order] by personal service or otherwise." Fed. R. Civ. P. 65(d)(2). The Eleventh Circuit confirmed in ADT LLC v. NorthStar Alarm Services, LLC, 853 F.3d 1348 (11th Cir. 2017), that the scope of Rule 65(d)(2) is governed by federal law. Richey's May 2, 2026 email-stating that he "forwarded" matters concerning Plaintiff to the Office of the Polk County Clerk of Court, the named Defendant-provides written, contemporaneous evidence sufficient to invoke Rule 65(d)(2)'s active-concert reach as a basis for restraining Richey's further coordinated conduct affecting these proceedings. Plaintiff requests authorization for service of any Order entered by electronic mail to operationservedaniel@gmail.com-the address Richey himself selected for the conduct giving rise to this Motion-which is reasonably calculated to provide actual notice. See Fed. R. Civ. P. 4(f)(3); Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1017-18 (9th Cir. 2002) (email service permissible where reasonably calculated to give notice and not prohibited by international agreement).

### K. Rule 15(d) Compatibility

For the avoidance of doubt, this Motion does not seek to amend or supplement the operative pleading under Federal Rule of Civil Procedure 15(d). The Motion addresses post-pleading conduct by a non-party (Richey) that affects the integrity of these proceedings and seeks only

temporary, narrowly tailored protective restraints and evidence-preservation directives, together with authorization to serve a non-party. Plaintiff is filing contemporaneously with this Motion a separate Notice of Filing Supplemental Evidence, and reserves all rights to seek leave under Rule 15(d) to supplement the operative pleading with the post-filing events described herein in connection with the existing access-to-courts and Monell custom-and-practice theories already pled. This Motion does not ask the Court to decide custody, criminal guilt, state-court merits, or to interfere with any independent state-court proceeding lawfully prosecuted through neutral process.

## VI. Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g), Plaintiff certifies the following. *First*, on May 4, 2026, at approximately 9:12 a.m. Eastern Time, Plaintiff conferred by email with Defendant's counsel, Jonathan B. Trohn, Esq., at j.trohn@cttalaw.com, regarding the specific emergency protective and preservation relief requested herein. As of the time of filing on May 4, 2026, no response has been received. Given the emergency posture, non-party conduct, threatened dissemination, and risk of loss of electronic evidence, Plaintiff files now and will promptly file a Local Rule 3.01(g)(3) supplement within twenty-four (24) hours of any response from counsel. *Second*, the substance of this Motion concerns conduct by a non-party (Richey) and seeks no relief against Defendant; Defendant accordingly has no position to confer about with respect to the relief requested. *Third*, the conduct giving rise to this Motion occurred between approximately 6:49 PM ET on Friday, May 1, 2026 and 11:25 AM ET on Sunday, May 3, 2026, and is escalating; this Motion is being filed at the earliest opportunity. *Fourth*, because the most recent communication threatens further dissemination of confidential records and refers to Plaintiff's minor child, and because Richey's own writing admits coordination with the named Defendant's office, full conferral with Defendant in advance of filing is impracticable; any delay would compound the threatened injuries. *See* Local Rule 3.01(g)(2)(B). *Fifth*, Plaintiff is unable to confer with Richey directly because Richey is the non-party against whom emergency restraint is sought, and conferral with the alleged harasser is neither required nor advisable. To the extent the Court determines further conferral is required, Plaintiff respectfully requests leave to supplement this certification within twenty-four (24) hours of any such direction.

## VII. Request Regarding Sensitive Exhibit Material

Pursuant to Local Rule 1.11, Plaintiff respectfully requests leave—to the extent the Court deems any portion of any exhibit warrants further protection—to file (a) a redacted public version of Exhibit B-2 (the Lakeland Police Department "Baker Act" record), and (b) the unredacted version of Exhibit B-2 under seal for the Court's in camera review. Exhibits B-1, B-3, and B-4 are filed in the form Plaintiff received them, with the minor child's first name redacted in Exhibit B-4 to protect the privacy of the minor. The Lakeland Police Department record reproduced inside Exhibit B-2 was already partially redacted by the law-enforcement source (date of birth, address, license number, and certain physical descriptors are obscured in the original page received by Plaintiff). The narrowly tailored sealing request is justified by Plaintiff's privacy interest in his confidential mental-health records, the specific threat of further dissemination by Richey, and the absence of any countervailing public interest in unredacted disclosure.

## VIII. Conclusion

For the foregoing reasons, Plaintiff respectfully requests that this Court (1) enter the proposed Preservation Order against non-party Randall Seth Richey on an expedited basis; (2) grant expedited consideration of the requested relief, with an expedited briefing schedule or, in the Court's discretion, a limited telephonic hearing; (3) enter the proposed Temporary Restraining Order in the narrowed terms set forth in the proposed Order; and (4) grant such further relief as is just and proper.

Respectfully submitted,

Dated: May 4, 2026

/s/ **Daniel B. Fleischman**

Daniel Benjamin Fleischman

Plaintiff

4885 McKnight Road #123

Pittsburgh, PA 15237

Telephone: (724) 462-5730

Email: OperationReunification@gmail.com

.

**VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I, Daniel B. Fleischman, declare under penalty of perjury under the laws of the United States of America that the factual statements contained in the foregoing Motion are true and correct to the best of my personal knowledge.

Executed on: May 4, 2026.

/s/ **Daniel B. Fleischman**

Daniel Benjamin Fleischman

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 4, 2026, I electronically filed the foregoing Motion and
supporting papers with the Clerk of Court using the CM/ECF system, which will send a notice of
electronic filing to all counsel of record. I further certify that, upon the Court's authorization of
the email service requested in Section II(g) of this Motion, I will serve a copy of this Motion, the

supporting papers, and any Order entered upon non-party Randall Seth Richey via electronic mail at operationservedaniel@gmail.com—the email address from which the communications described herein were transmitted—and via such additional means as the Court may direct, and will thereafter file a notice of service.

/s/ **Daniel B. Fleischman**    May 4, 2026

Daniel Benjamin Fleischman

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

DANIEL B. FLEISCHMAN,

    Plaintiff,

v.

POLK COUNTY CLERK OF COURT,

    Defendant.

_____/

Case No. 8:25-cv-03229-JLB-CPT

EXHIBIT A

DECLARATION OF DANIEL B. FLEISCHMAN

PURSUANT TO 28 U.S.C. § 1746

I, Daniel B. Fleischman, declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am the Plaintiff in the above-captioned action. I have personal knowledge of the facts stated herein and, if called as a witness, could and would testify competently to them.

2. I reside in Pennsylvania.

3. I am proceeding without counsel in this case. The operative pleading remains pending before the Court, and Defendant's Motion to Dismiss (Doc. 70) has been fully briefed.

4. Randall Seth Richey is one of multiple petitioners holding domestic-violence injunctions against me on confidential Polk County, Florida state-court dockets. I have not been lawfully served with the underlying state-court process. The case number Richey references in his communications—2025-DR-006071-A000-BA—is, on information and belief, a confidential injunction docket.

5. I have a minor child. The first name of my minor child appears in the SMS message received on May 1, 2026 and is redacted in Exhibit B-4 to protect the privacy of the

minor. I am the father of that child and am actively engaged in legal proceedings concerning my parental relationship with him.

6. I have not communicated with Randall Seth Richey, and I have not invited contact from him. I have not authorized Richey to inquire about my minor child.

7. On Thursday, April 30, 2026 at approximately 4:59 AM Eastern Time, I sent public commentary regarding this federal civil-rights litigation. The communication is reflected in the screen capture attached as part of Exhibit B-4 (showing the prior message in the same SMS thread).

8. I have preserved each of the four communications described below in their original electronic form, with full headers and metadata to the extent available, and have produced authenticated copies as Exhibits B-1 through B-4. The dates and times stated below for each communication reflect the Gmail send-time of the email (or, in the case of Exhibit B-4, the SMS receipt time on my mobile device), all in Eastern Time. The header on the printed copy of each Gmail exhibit may also display a separate later print/view timestamp; that print timestamp reflects when I printed the message for filing and is not the time at which Richey transmitted the communication.

9. On Friday, May 1, 2026 at approximately 6:49 PM Eastern Time, I received an unsolicited SMS text message reading, in its entirety: "How is [son]?", where the bracketed term reflects the first name of my minor child. A true and correct copy, with my child's first name redacted, is attached as Exhibit B-4.

10. On Saturday, May 2, 2026 at 11:46 AM Eastern Time, I received an email from "Operation Serve Daniel" (operationservedaniel@gmail.com), with the subject line "Thank you for your acknowledgement." The email was signed "-Randall Seth Richey." The body reads, in its entirety: "Thank you for publicly acknowledging your receipt of service attempts of injunction case # (2025-DR-006071-A000-BA). I have forwarded this information to the clerk of courts. Have a blessed day." A true and correct copy is attached as Exhibit B-1.

11. On Saturday, May 2, 2026 at 3:06 PM Eastern Time, I received a second email from operationservedaniel@gmail.com with the subject line "New things to post." The email

was sent to three of my email addresses, including my professional business email. Attached to the email was a photographic image of a Lakeland Police Department records page dated October 21, 2018, designating me as the subject of a "Baker Act" involuntary mental-health proceeding (a confidential record). The body of the email reads: "Daniel, feel free to post this to your facebook. I can send your recent eviction, your current domestic violence injunction and other items that you might want to present to the public as well." I did not provide this record to Richey. I do not know how Richey obtained the record. A true and correct copy of the email is attached as Exhibit B-2.

12. On Sunday, May 3, 2026 at 11:25 AM Eastern Time, I received a third email from operationservedaniel@gmail.com with the subject line "EVICTION 2025." The email contained a Polk County Final Judgment for Possession dated September 4, 2025 (Case No. 2025-CC-007270, Recording Instrument No. 2025207192), filed in the Office of the Polk County Clerk of Court (the named Defendant). The accompanying message reads: "post this to your page. I'm gathering other items as promised." A true and correct copy is attached as Exhibit B-3.

13. I vacated the prior residence referenced in Exhibit B-3 under circumstances in which I feared for my personal safety.

14. I have not communicated with Richey at any time during or following the four communications described above. I have not engaged in any conduct that would justify the communications. The communications have caused me substantial distress and have affected my ability to focus on the active prosecution of this federal action.

15. I have preserved the original electronic communications, including full headers and metadata to the extent available, in their native form, and have produced authenticated copies as Exhibits B-1, B-2, B-3, and B-4.

16.     In addition to the May 2026 communications, I have preserved authenticated copies of three earlier records concerning Richey's pre-suit course of conduct, attached as Exhibit B-5: (a) a Polk Records Online public-search result page that I obtained on October 16, 2025 at 11:41 AM Eastern Time at https://pro.polkcountyclerk.net/PRO/PublicSearch/FindPublicCase showing the result for the same state-court case Richey references in his May 2, 2026 email (case 2025-DR-006071-A000-BA), in which the columns labeled Party, Division, Filing Date, Judge

Name, and Action are each blank as displayed to the public user; (b) a true and correct copy of the email I received on August 17, 2025 at 10:28 AM Eastern Time from operationservedaniel@gmail.com, subject "Notice of Service – Injunction Paperwork/Cease and Desist," signed "Randall S Richey" and captioned "Second attempt"; and (c) a true and correct copy of the email I received on August 12, 2025 at 6:45 PM Eastern Time from the same operationservedaniel@gmail.com address, signed "Randall S Richey," addressed to recipients including MichelleThurner@polk-county.net, with three attachments bearing on Polk County state-court case 2025-DR-006071-A000-BA. I did not redact any addressee email information from the August 2025 emails because each addressee is, on information and belief, a government employee or official acting in an official capacity, and not a private individual.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: May 4, 2026.

**/s/ Daniel B. Fleischman**

Daniel Benjamin Fleischman

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF FLORIDA**

**TAMPA DIVISION**

DANIEL B. FLEISCHMAN,

     Plaintiff,

v.

POLK COUNTY CLERK OF COURT,

     Defendant.

_____/

**Case No. 8:25-cv-03229-JLB-CPT**

**EXHIBIT B**

**INDEX OF COMMUNICATIONS FROM RANDALL SETH RICHEY**

The following four exhibits are attached to and incorporated by reference into the foregoing Motion and Declaration. Originals in native electronic form are preserved with full headers and metadata to the extent available.

**Ex. B-1** Email of Saturday, May 2, 2026 at 11:46 AM ET, from "Operation Serve Daniel" (operationservedaniel@gmail.com), Subject: "Thank you for your acknowledgement." Containing the written admission: "I have forwarded this information to the clerk of courts."

**Ex. B-2** Email of Saturday, May 2, 2026 at 3:06 PM ET, from operationservedaniel@gmail.com, Subject: "New things to post." Attaching a Lakeland Police Department "Baker Act" record dated October 21, 2018 (partially redacted at source), and threatening dissemination of additional confidential records.

**Ex. B-3** Email of Sunday, May 3, 2026 at 11:25 AM ET, from operationservedaniel@gmail.com, Subject: "EVICTION 2025." Attaching Polk County Final Judgment for Possession in Case No. 2025-CC-007270 (Recording Instrument No. 2025207192, recorded by the Polk County Clerk of

Court — the named Defendant), with the message: "post this to your page. I'm gathering other items as promised."

**Ex. B-4** SMS text message of Friday, May 1, 2026 at approximately 6:49 PM Eastern Time, inquiring by first name about Plaintiff's minor child. Plaintiff's minor child's first name has been redacted in this exhibit to protect the privacy of the minor.

Ex. B-5        Composite three-page exhibit dated October 16, 2025, August 17, 2025, and August 12, 2025: (a) Polk County Clerk "Polk Records Online" public-search result page for case 2025-DR-006071-A000-BA showing case number listed with all other public columns (Party, Division, Filing Date, Judge Name, Action) blank; (b) August 17, 2025 "Second attempt" email from operationservedaniel@gmail.com signed by Randall S. Richey, addressed to multiple law-enforcement and Polk County government recipients; (c) August 12, 2025 first email from operationservedaniel@gmail.com, signed by Randall S. Richey, to the same multi-recipient list including MichelleThurner@polk-county.net, attaching three state-court documents bearing on case 2025-DR-006071-A000-BA.

## EXHIBIT B-1

Email of May 2, 2026 at 11:46 AM ET — "Thank you for your acknowledgement"

(Containing admission: "I have forwarded this information to the clerk of courts.")

5/3/26, 8:06 PM          Gmail - Thank you for your acknowledgement

 **Gmail**

Daniel Fleischman <operationreunification@gmail.com>

### Thank you for your acknowledgement

**Operation Serve Daniel** <operationservedaniel@gmail.com>      Sat, May 2, 2026 at 11:46 AM
To: OperationReunification@gmail.com

Thank you for publicly acknowledging your receipt of service attempts of injunction case # (2025-DR-006071-A000-BA). I have forwarded this information to the clerk of courts. Have a blessed day.

Sincerely,

-Randall Seth Richey

# EXHIBIT B-2

Email of May 2, 2026 at 3:06 PM ET — "New things to post"

(Attaching Lakeland Police Department Baker Act record dated October 21, 2018)

5/3/26, 8:10 PM                                          Gmail - New things to post

 Gmail                               Daniel Fleischman <operationreunification@gmail.com>

**New things to post**

**Operation Serve Daniel** <operationservedaniel@gmail.com>          Sat, May 2, 2026 at 3:06 PM
To: Daniel@exponentialbusinesscoaching.com, Daniel.Fleischman1@gmail.com, OperationReunification@gmail.com



Daniel, feel free to post this to your facebook. I can send your recent eviction, your current domestic violence injunction and other items that you might want to present to the public as well.

## EXHIBIT B-3

Email of May 3, 2026 at 11:25 AM ET — "EVICTION 2025"

(Attaching Polk County Final Judgment for Possession; recorded by Defendant)


Page 1 of 3 — Email Header

5/3/26, 8:11 PM                                                              Gmail - EVICTION 2025

## M Gmail

Daniel Fleischman <operationreunification@gmail.com>

---

## EVICTION 2025

Operation Serve Daniel <operationservedaniel@gmail.com>                    Sun, May 3, 2026 at 11:25 AM
To: Daniel.Fleischman1@gmail.com, Daniel@exponentialbusinesscoaching.com, OperationReunification@gmail.com

*Case No. 8:25-cv-03229-JLB-CPT*

## Page 2 of 3 — Final Judgment for Possession (Case No. 2025-CC-007270; Inst. No. 2025207192)

5/3/26, 8:11 PM                                                          Gmail - EVICTION 2025

INSTR # 2025207192   OR BK 13686   PG 0059   09/04/2025   02:33 PM
STACY M. BUTTERFIELD Clerk of County Court Polk County Recorded By Court

Filing # 230828626 E-Filed 09/04/2025 10:52:47 AM

|  |  |
|---|---|
| SUNG CHIANG HSU, | IN THE COUNTY COURT OF THE 10TH JUDICIAL CIRCUIT, IN AND FOR POLK COUNTY, FLORIDA |

**SUNG CHIANG HSU,**

     **Plaintiff,**

vs.

**DANIEL FLEISCHMAN, ALL UNKNOWN TENANTS AND PERSONS IN POSSESSION,**

     Defendants.

_____/

**IN THE COUNTY COURT OF THE 10TH JUDICIAL CIRCUIT, IN AND FOR POLK COUNTY, FLORIDA**

Case No. 2025-CC-007270

### FINAL JUDGMENT AS TO COUNT I - POSSESSION

THIS CAUSE coming before the Court for consideration of plaintiffs Complaint for Eviction, and that the Court finds that a Default has been duly entered against the defendant, and that the plaintiff is entitled to possession of the property as set forth in the complaint, and that defendant has failed to move from said property as required by law, it is therefore

ORDERED AND ADJUDGED that Final Judgment be and the same is hereby entered in favor of the Plaintiff, SUNG CHIANG HSU, whose address is c/o Orlando REO Professionals I Inc., 1060 Woodcock Road, Orlando, FL 32803, against Defendant, DANIEL FLEISCHMAN and ALL UNKNOWN TENANTS AND PERSONS IN POSSESSION for possession of the premises located at:  5612 Aral Drive, Lakeland, FL 33885 , and for $ 572.64  as the costs of this action, and for  $600.00  as attorney fees in this action, for which let Writ of Possession issue forthwith and instanter. This judgment all of which shall bear interest at the highest statutory rate for the current year and thereafter at the prevailing rate per year as provided for by Florida Statute, for all of which let execution issue. Counsel for plaintiff shall serve a copy of this order within three (3) days of entry to all interested parties.

DONE AND ORDERED in Bartow, Polk County, Florida on Thursday, September 4, 2025.

Page 3 of 3 — Accompanying Message: "I'm gathering other items as promised."

5/3/26, 8:11 PM                                                    Gmail - EVICTION 2025

**2025CC-007270-A000-BA**     **Received in Polk 09/04/2025 11:25 AM**

post this to your page. Im gathering other items as promised.

https://mail.google.com/mail/u/1/?ik=8o6oa37924&view=pt&search=al&permmsgid=msg-f:1864181426208780352&simpl=msg-f:1864181426208780...   4/4

*Case No. 8:25-cv-03229-JLB-CPT*

**EXHIBIT B-4**

SMS Text Message of May 1, 2026 at 6:49 PM ET

(Minor child's first name redacted to protect the privacy of the minor)

Thursday 4:59 AM



Friday 6:49 PM

How is

+    Text Message · SMS    🎤

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

DANIEL B. FLEISCHMAN,

      Plaintiff,

v.

POLK COUNTY CLERK OF COURT,

      Defendant.

_____/

**Case No. 8:25-cv-03229-JLB-CPT**

# EXHIBIT B-5

*Composite Three-Page Exhibit — Pre-Suit Polk Records Online Search and August 2025 Course of Conduct*

**Ex. B-5(a)  Polk County Clerk "Polk Records Online" Public-Search Result for Case 2025-DR-006071-A000-BA, Captured October 16, 2025 at 11:41 AM Eastern Time**

*Case No. 8:25-cv-03229-JLB-CPT*

10/16/25, 11:41 AM                                             FindPublicCase

 **Stacy M. Butterfield, CPA**
**Clerk of Courts & Comptroller**
**Polk County, Florida**

# Polk Records Online

Accessibility Information

User: PUBLIC - IP (192.52.240.200)

Home    Help    My Account    Log Out

| Search Parameters | | |
|---|---|---|
| Case Number : | UCN : **2025-DR-006071-A000-BA** | Citation : |
| Last Name : | First Name : | Middle Name : |
| Filing Date From : | Filing Date To : | |

New Search        Modify Search Values        Back to Main Menu

## 1 Record(s)
Show 10 ⌄ entries                                        **Filter records:**

| Case Number | Party | Division | Filing Date | Judge Name | Action |
|---|---|---|---|---|---|
| 2025DR006071A000BA | | | | | |

Showing 1 to 1 of 1 entries                          Previous   1   Next

Terms of Use Help & FAQ
To learn more about Polk Clerk of Courts and Comptroller please visit http://www.polkcountyclerk.net
or follow us on Facebook https://www.facebook.com/polkcountyclerk
PRO Release Version 1.2.4.0
© 2025 - Polk County, all rights reserved

https://pro.polkcountyclerk.net/PRO/PublicSearch/FindPublicCase                                1/1

**Ex. B-5(b)  Email of August 17, 2025 at 10:28 AM Eastern Time — "Second attempt" — from operationservedaniel@gmail.com, signed Randall S Richey, with multi-recipient distribution including a polk-county.net Polk County government email account**

.

.

*Case No. 8:25-cv-03229-JLB-CPT*

 **Gmail**                              Daniel Fleischman <operationreunification@gmail.com>

## Notice of Service – Injunction Paperwork/Cease and Desist

**Operation Serve Daniel** <operationservedaniel@gmail.com>                    Sun, Aug 17, 2025 at 10:28 AM
To: Daniel@exponentialbusinesscoaching.com, Daniel.Fleischman1@gmail.com, OperationReunification@gmail.com, enye@chippewa-twp.org, dpfleischman@comcast.net, MichelleThurner@polk-county.net, twestwood@robinsonpd.com, mail@plantcitylaw.com

Second attempt.

On Tue, Aug 12, 2025, 6:45 PM Operation Serve Daniel <operationservedaniel@gmail.com> wrote:

Daniel B Fleischman,

I am writing to inform you that I, Polk County Sheriffs and Chippewa Township Police Department are in possession of court-issued injunction paperwork pertaining to you. There is also an attached Cease and Desist letter pertaining to the slanderous videos you have been publishing online to Facebook, Instagram, YouTube and other forums about me that are inciting violence towards me. Please be sure to read these documents thoroughly.

The injunction paperwork must be formally served in accordance with legal requirements. Authorities in Florida have tried multiple times to serve you at your Lakeland, FL address (5612 Aral Drive) with no success. Authorities at the Chippewa Township Police Department have also tried to serve you multiple times at your Uncle Darrin Fleischmans home (116 Margaret Drive) with no success.

Please cooperate with Corporal Nye at the Chippewa Township Police Department to allow service of the above mentioned injunction paperwork. He can be reached at enye@chippewa-twp.org and 724-843-8227.

Alternatively you can also contact the Robinson Township Police Department at 412-788-8115 and I will make sure they have the above mentioned documents as well.

Please confirm a suitable time and location with the above authorities for service so that this matter can be completed promptly. You may also choose to respond to this email that you acknowledge the delivery of these documents and I can forward this information to the Polk County courts. If I do not receive a response, I will proceed with escalated legal methods of service as permitted by law.

This notice is being sent as a courtesy to ensure you are aware of the pending documents and have an opportunity to receive them directly.

Thank you for your prompt attention to this matter.

**\*\*PLEASE SEE ATTACHED CEASE AND DESIST FOR LIBEL AND SLANDER\*\*** (Section 770.01)

Sincerely,
Randall S Richey

**Ex. B-5(c)  Email of August 12, 2025 at 6:45 PM Eastern Time — first email of pre-suit course of conduct — from operationservedaniel@gmail.com, signed Randall S Richey, addressed to MichelleThurner@polk-county.net (Polk County government email) and others, attaching three state-court documents bearing on case 2025-DR-006071-A000-BA**

*Case No. 8:25-cv-03229-JLB-CPT*

10/16/25, 11:22 AM                          Gmail - Notice of Service – Injunction Paperwork/Cease and Desist

 Gmail                                   Daniel Fleischman <operationreunification@gmail.com>

## Notice of Service – Injunction Paperwork/Cease and Desist

**Operation Serve Daniel <operationservedaniel@gmail.com>**                    Tue, Aug 12, 2025 at 6:45 PM
To: Daniel@exponentialbusinesscoaching.com, Daniel.Fleischman1@gmail.com, OperationReunification@gmail.com,
enye@chippewa-twp.org, "dpfleischman@comcast.net" <dpfleischman@comcast.net>, MichelleThurner@polk-county.net,
twestwood@robinsonpd.com

Daniel B Fleischman,

I am writing to inform you that I, Polk County Sheriffs and Chippewa Township Police Department are in possession of court-issued injunction paperwork pertaining to you. There is also an attached Cease and Desist letter pertaining to the slanderous videos you have been publishing online to Facebook, Instagram, YouTube and other forums about me that are inciting violence towards me. Please be sure to read these documents thoroughly.

The injunction paperwork must be formally served in accordance with legal requirements. Authorities in Florida have tried multiple times to serve you at your Lakeland, FL address (5612 Aral Drive) with no success. Authorities at the Chippewa Township Police Department have also tried to serve you multiple times at your Uncle Darrin Fleischmans home (116 Margaret Drive) with no success.

Please cooperate with Corporal Nye at the Chippewa Township Police Department to allow service of the above mentioned injunction paperwork. He can be reached at enye@chippewa-twp.org and 724-843-8227.

Alternatively you can also contact the Robinson Township Police Department at 412-788-8115 and I will make sure they have the above mentioned documents as well.

Please confirm a suitable time and location with the above authorities for service so that this matter can be completed promptly. You may also choose to respond to this email that you acknowledge the delivery of these documents and I can forward this information to the Polk County courts. If I do not receive a response, I will proceed with escalated legal methods of service as permitted by law.

This notice is being sent as a courtesy to ensure you are aware of the pending documents and have an opportunity to receive them directly.

Thank you for your prompt attention to this matter.

**\*\*PLEASE SEE ATTACHED CEASE AND DESIST FOR LIBEL AND SLANDER\*\*** (Section 770.01)

Sincerely,
Randall S Richey

---

**3 attachments**

📄 **ORDER EXTENDING TEMPORARY INJUNCTION 2025DR-006071-A000-BA.pdf**
507K

📄 **TEMPORARY INJUNCTION FOR PROTECTION AGAINST STALKING 2025DR-006071-A000-BA.pdf**
8103K

📄 **Cease and Desist.pdf**
59K

https://mail.google.com/mail/u/2/?ik=8e6ea37924&view=pt&search=all&permmsgid=msg-f:1840291488096553335&simpl=msg-f:1840291488096553335    1/1

# [PROPOSED] TEMPORARY RESTRAINING ORDER AGAINST

## NON-PARTY RANDALL SETH RICHEY,

## ORDER FOR PRESERVATION OF EVIDENCE,

## AND ORDER GRANTING EXPEDITED CONSIDERATION

THIS CAUSE comes before the Court on Plaintiff's Emergency Motion for Temporary Restraining Order Under 28 U.S.C. § 1651 and Fed. R. Civ. P. 65, Motion to Preserve Evidence, and Request for Expedited Consideration, Against Non-Party Randall Seth Richey. Having considered the Motion, the supporting Declaration of Daniel B. Fleischman, and Exhibits B-1 through B-4, and the applicable law, the Court finds that the conduct described threatens the integrity of these pending federal proceedings within the meaning of *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092 (11th Cir. 2004), *In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233 (11th Cir. 2006), and *United States v. Tison*, 780 F.2d 1569 (11th Cir. 1986), and that the entry of this Order is necessary and appropriate in aid of the Court's jurisdiction.

**Accordingly, it is ORDERED:**

1. Plaintiff's Motion is GRANTED.

2. EXPEDITED CONSIDERATION is GRANTED. Defendant and non-party Richey shall have until [date] to file any response to this Motion. The Court reserves the option to set a limited telephonic hearing at its discretion.

3. PRESERVATION ORDER. Non-party Randall Seth Richey is DIRECTED to preserve, in native format with full headers and metadata, all communications, documents, electronically stored information, transmissions, and metadata reflecting any contact with the Office of the Polk County Clerk of Court, the Polk County Sheriff's Office, the Lakeland Police Department, or any other state actor, relating to Plaintiff or to this litigation. This includes, without limitation, native .eml or .msg files, originating devices, cloud-stored copies, and any forwarded copies, including the May 2 and May 3, 2026 emails referenced in Exhibits B-1 through B-3 and the May 1, 2026 SMS referenced in Exhibit B-4.

4. TEMPORARY RESTRAINING ORDER. Non-party Randall Seth Richey, and all persons in active concert or participation with him who receive actual notice of this Order, are RESTRAINED from transmitting any threatening, harassing, intimidating, or retaliatory communications to Plaintiff Daniel B. Fleischman that reference, concern, or arise out of this federal civil-rights litigation. This restraint is anchored in the four communications transmitted between May 1 and May 3, 2026 reflected in Exhibits B-1 through B-4.

5. Richey is RESTRAINED from contacting, referencing, or inquiring about Plaintiff's minor child by any means, directly or indirectly. This restraint is anchored in the unsolicited SMS message of May 1, 2026 inquiring by first name about Plaintiff's minor child, as reflected in Exhibit B-4.

6. Richey is RESTRAINED, during the pendency of this case and to the extent such conduct is undertaken to harass, intimidate, or retaliate in connection with this litigation, from disclosing, publishing, transmitting, or threatening to disclose, publish, or transmit (i) Plaintiff's confidential and nonpublic health, mental-health, or medical records (including but not limited to the Lakeland Police Department "Baker Act" record dated October 21, 2018 referenced in Exhibit B-2); (ii) the specific document transmitted in Exhibit B-3 (the Polk County Final Judgment for Possession dated September 4, 2025); and (iii) any further records Richey identified in his May 2, 2026 email as items he "can send" (the "current domestic violence injunction and other items" referenced therein). Nothing in this paragraph restrains mere possession or citation of public court filings outside the litigation-related conduct described above. This restraint is anchored in the May 2, 2026 email transmitting the Baker Act record together with the statement "I can send your recent eviction, your current domestic violence injunction and other items that you might want to present to the public as well" (Ex. B-2), and the May 3, 2026 email stating "I'm gathering other items as promised" (Ex. B-3).

7. Richey is RESTRAINED from initiating or engaging in communications with the Office of the Polk County Clerk of Court for the purpose of coordinating service, process, or filings directed at Plaintiff that reference, concern, or arise out of this federal civil-rights litigation, or otherwise acting in active concert with that Office to harass, intimidate, or retaliate against Plaintiff during the pendency of this case. This restraint is anchored in

Richey's May 2, 2026 email statement "I have forwarded this information to the clerk of courts" (Ex. B-1). This paragraph does not prohibit lawful filings or lawful service through neutral authorized channels.

8. For the avoidance of doubt, nothing in this Order prohibits Richey from effecting lawful service of any state-court process solely through a neutral process server, sheriff, or other officer authorized by Florida law, or from filing independent state-court pleadings, provided such actions are not undertaken in active concert with the Polk County Clerk of Court to harass, intimidate, or retaliate against Plaintiff in connection with this litigation.

9. The bond requirement under Federal Rule of Civil Procedure 65(c) is WAIVED. In the alternative, the Court sets nominal security in the amount of one hundred dollars ($100), the Court finding that no monetary or economic restraint is imposed by this Order and that the equities and the public interest favor waiver or nominal security.

10. Plaintiff is AUTHORIZED to serve a copy of this Order, together with the Motion and supporting papers, on Richey by electronic mail at operationservedaniel@gmail.com within forty-eight (48) hours of entry, and shall thereafter file a notice of service.

11. FINDING ON SCOPE: Pursuant to Federal Rule of Civil Procedure 65(d)(2), this Order binds non-party Randall Seth Richey upon his receipt of actual notice and is also binding upon any persons in active concert or participation with him who receive actual notice of this Order. The Court finds that Richey's May 2, 2026 written communication-stating that he forwarded matters concerning Plaintiff to the Office of the Polk County Clerk of Court-provides a sufficient basis to invoke Rule 65(d)(2)'s active-concert reach as a basis for restraining Richey's further coordinated conduct affecting these proceedings.

12. FINDING ON NATIVE-FORMAT PRESERVATION: The preservation directive in Paragraph 6 above shall be construed to require preservation in native electronic format, including full email headers, attachment metadata, transmission logs, and all forwarding, BCC, CC, and routing data, until further Order of the Court.

13. DURATION: This Temporary Restraining Order shall remain in full force and effect for fourteen (14) days from the date and time of entry, unless extended for good cause shown

pursuant to Federal Rule of Civil Procedure 65(b)(2), or unless dissolved or modified earlier by further Order of the Court.

14.ORDER TO SHOW CAUSE: Non-party Randall Seth Richey is ORDERED TO SHOW CAUSE, in writing or at a hearing to be set by the Court, why this Temporary Restraining Order should not be converted into a Preliminary Injunction continuing in effect through the conclusion of this action. Any written response by Richey shall be filed with the Court within ten (10) days of his receipt of actual notice of this Order. The Court will set a hearing on conversion to a Preliminary Injunction as it deems appropriate.

DONE AND ORDERED in Chambers in Tampa, Florida, this _____ day of _____, 2026.

_____

JOHN L. BADALAMENTI

UNITED STATES DISTRICT JUDGE