MAY 6 2026 PM4:00
FILED - USDC - FLMD - TPA

*Plaintiff's Notice of Supplemental Evidence — Filed May 6, 2026*

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

## TAMPA DIVISION

| | |
|---|---|
| **DANIEL BENJAMIN FLEISCHMAN,** | **Case No.: 8:25-cv-03229-JLB-CPT** |
| Plaintiff, | |
| | Judge: Hon. John L. Badalamenti |
| v. | Mag.: Hon. Christopher P. Tuite |
| | |
| **POLK COUNTY CLERK OF COURT,** | |
| Defendant. | |

## PLAINTIFF'S EMERGENCY NOTICE OF SUPPLEMENTAL EVIDENCE IN FURTHER SUPPORT OF PENDING MOTION FOR TEMPORARY RESTRAINING ORDER AND PROTECTIVE ORDER UNDER THE ALL WRITS ACT, 28 U.S.C. § 1651, AGAINST NON-PARTY SETH RICHEY

### I.  INTRODUCTION

Plaintiff Daniel Benjamin Fleischman, *pro se*, respectfully submits this Emergency Notice of Supplemental Evidence in further support of his pending Motion for Temporary Restraining Order and Protective Order under the All Writs Act, 28 U.S.C. § 1651, against non-party Seth Richey of Polk County, Florida (telephone (863) 529-7519). At **2:03 P.M. Eastern Time on May 6, 2026** — the same business day as this filing, and approximately one (1) hour before the in-person filing of this Notice — Mr. Richey transmitted to Plaintiff the following message, captured and reproduced at **Exhibit A:**

### *"Your family is worried about you Daniel."*

That message — sent by a Polk County, Florida resident with no familial, professional, or social relationship to Plaintiff or Plaintiff's *family*, and embedded inside a one-directional WhatsApp thread architected to defeat preservation — is the precise reason this Court's intervention under the All Writs Act is required, and is required *now*. A non-party who is not part of Plaintiff's family does not, on his own initiative, transmit unsolicited messages *about* Plaintiff's family unless he is signaling reach into that family. Combined with (i) the engineered anti-preservation architecture of the contact, (ii) the rotating skull-icon profile imagery, (iii) the contemporaneous Polk-County-targeted reputational pretext (the "Niki Stone" email at Exhibit D), and (iv) the documented institutional surveillance of Plaintiff's federal litigation reflected at Exhibits F–G, the May 6, 2026 communications constitute a **continuing, escalating, and deliberately covert course of conduct** directed at Plaintiff and, by reasonable inference, at Plaintiff's minor son, who resides within Mr. Richey's geographic and social network in Polk County, Florida.

## II. PROCEDURAL POSTURE

Plaintiff filed his Emergency Motion for Temporary Restraining Order and Protective Order under the All Writs Act on May 5, 2026, framed under *Klay v. United Healthcare*, 376 F.3d 1092 (11th Cir. 2004), and supported by the sworn 28 U.S.C. § 1746 declarations of Cheryl Bair and Monica Richey establishing a documented interstate coordination pipeline among Polk County actors and individuals operating in Pennsylvania. That motion is pending before this Court.

This Notice supplements the record under *Federal Rule of Civil Procedure 15(d)* and the inherent power of this Court to receive evidence material to a pending request for emergency injunctive relief. *See Griffin v. Cnty. Sch. Bd. of Prince Edward Cnty.*, 377 U.S. 218, 226–27 (1964).

## III.  SUPPLEMENTAL FACTS — THE MAY 6, 2026 ESCALATION

**S-1.**  On **May 6, 2026, at 2:03 P.M. Eastern Time**, non-party Seth Richey, a Polk County, Florida resident, telephone (863) 529-7519, transmitted to Plaintiff via WhatsApp the message: ***"Your family is worried about you Daniel."*** **Exhibit A**. The message followed two earlier same-day messages from Mr. Richey: *"Good afternoon. How are you feeling today?"* (12:21 P.M.) and *"I'm worried about you."* (12:25 P.M.). Plaintiff did not respond to any of the foregoing. The contact was, and remains, **one-directional from Mr. Richey to Plaintiff.**

**S-2.**  Mr. Richey is **not a member of Plaintiff's family**. Mr. Richey has no familial, marital, custodial, professional, fiduciary, religious, or social relationship to Plaintiff or to any member of Plaintiff's family that would explain unsolicited transmission of a message *about* Plaintiff's family. The phrase *"Your family is worried about you Daniel"* is, in this context, a deliberate signal of reach into Plaintiff's family — including Plaintiff's minor son, who resides in Polk County, Florida — and is reasonably understood by any recipient to constitute an implicit threat to that family.

**S-3.**  The 2:03 P.M. message was transmitted within a chat thread that Mr. Richey had previously and *unilaterally* placed in WhatsApp's "advanced chat privacy" mode — a setting that, in the application's own words, prevents the recipient from "auto-sav[ing] media, export[ing] history, ask[ing] Meta AI questions, or summariz[ing] unread messages in this chat." **Exhibit C**. When Plaintiff attempted to preserve evidence by screenshot, the WhatsApp application produced a full-screen blocking notice stating verbatim: "Screen capture blocked. It looks like you tried to take a screenshot. For added privacy, view once messages don't let you do this." **Exhibit B**. The architecture of the contact is, by design, **anti-preservation**.

**S-4.**  Mr. Richey has further used a rotating profile image, alternating between an ordinary headshot photograph and a stylized skull-and-teeth icon — a recognized intimidation symbol. The skull image is plainly visible in the captures at **Exhibits A and C**. The skull image

is not consistent with ordinary social use of WhatsApp; it is consistent with deliberate intimidation.

**S-5.** Earlier in the same thread, and immediately following the forwarded "Niki Stone" email reproduced at **Exhibit D** — which uses the language "stasi daddy in Polk County for playtime and good girl rewards" and references **Polk County by name** — Mr. Richey wrote: "Why are you having people email me?" (5:47 P.M.) and "Daniel, genuine question. Are you schizophrenic?" (6:01 P.M.). The sequence is a closed rhetorical loop: a sexualized Polk-County-coded email is forwarded to Plaintiff; Plaintiff is then accused of having sent it; Plaintiff's mental capacity is then attacked. The architecture is **manufactured pretextual material** — material whose only coherent function is to be screenshotted, forwarded to family-court actors, local law enforcement, or social media, and used to depict Plaintiff falsely as a person from whom his minor son must be "protected."

**S-6.** Mr. Richey has further engaged in a sustained "view-once" photograph-bombardment of Plaintiff — twenty-five (25) or more such photographs across the captured period — interspersed with a deletion event marked "This message was deleted" at 1:02 P.M. **Exhibit E.** A WhatsApp "view-once" photograph is, by application design, viewable only once and cannot be saved or screenshotted within the application. Plaintiff has accordingly captured only the placeholder thumbnails before opening, which is the only preservation method available.

**S-7.** Plaintiff's LinkedIn audience analytics for the 90-day period ending May 4, 2026 reflect **455,512 views** with a **25.0% concentration in Lakeland, Florida** — the seat of Polk County — and "Insurance" as the top viewing industry. **Exhibit F.** Recurrent profile viewers identified across the past 14, 28, and 90 days include AGRiP (Association of Governmental Risk Pools), Liberty Specialty Markets, PPLSI, Florida League of Cities, and the National Center for State Courts — i.e., the precise insurance-and-risk-pool ecosystem and judicial-system infrastructure that overlap Polk County's institutional defendants. **Exhibit G.** This is not

coincidence: it is **documented institutional awareness** of Plaintiff's federal litigation, occurring contemporaneously with the Richey contact pattern.

## IV.  THE NATURE OF THE THREAT TO PLAINTIFF AND PLAINTIFF'S MINOR SON

**S-8.** Plaintiff is a *pro se* federal civil-rights litigant. He has at no time threatened harm to himself or to any other person, and he affirmatively states, on the record and under penalty of perjury at the verification page hereto, that he **does not pose a danger to himself or others**. The threats at issue here are threats *directed at* Plaintiff and, derivatively, at his minor son, as follows:

(a) ***Direct invocation of Plaintiff's family.*** Mr. Richey's 2:03 P.M., May 6, 2026 message — "Your family is worried about you Daniel" — invokes Plaintiff's family on its face. Mr. Richey has no relationship to Plaintiff's family that would warrant such a communication. The plain function of the message is to signal that Mr. Richey has, claims to have, or wishes Plaintiff to believe he has, **reach into Plaintiff's family** — including Plaintiff's minor son. **Exhibit A.**

(b) ***Threat to Plaintiff's minor son.*** Plaintiff's son is a minor child currently residing in Polk County, Florida, within Mr. Richey's geographic and social network. The combination of (i) the May 6 "your family" message, (ii) the repeated reference to Polk County, (iii) the sexualized "stasi daddy" / "playtime" / "good girl rewards" language paired with Polk County in the forwarded email at Exhibit D, (iv) the rotating skull-icon profile image, (v) view-once photographs whose contents Plaintiff cannot preserve, (vi) and probing about "domestic violence injunctions" on the very docket adjacent to Plaintiff's custody case, generates a **non-speculative inference** of risk to Plaintiff's son's reputational, emotional, and potentially physical safety.

(c) ***Threat to Plaintiff's federal litigation.*** The probing into the "domestic violence injunction" and the surveillance of Plaintiff's "Facebook and Instagram posts" (described

in Plaintiff's underlying TRO motion) are direct interferences with a federal civil-rights plaintiff's First Amendment activity and right of access to this Court. *See Christopher v. Harbury*, 536 U.S. 403, 415 n.12 (2002); *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The *Klay* framework was designed for precisely this situation. *Klay*, 376 F.3d at 1102.

**S-9.** Plaintiff has not, does not, and will not pursue self-help, retaliation, or any unlawful response. Plaintiff's exclusive remedies are, and will remain, federal civil-rights litigation, regulatory complaint, lawful public advocacy, and the protective relief he today asks this Court to grant.

## V. LEGAL STANDARD AND REQUESTED RELIEF

**S-10.** Under *Klay*, this Court possesses authority under the All Writs Act, 28 U.S.C. § 1651(a), to issue protective orders directed at non-parties whose conduct threatens to frustrate this Court's jurisdiction over a pending matter. *Klay*, 376 F.3d at 1099–1102. The traditional four-factor TRO standard — likelihood of success, irreparable injury, balance of equities, and public interest — applies. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005). The 42 U.S.C. § 1985(2) framework reaches conspiracies to deter parties from federal proceedings without any class-based animus requirement. *Kush v. Rutledge*, 460 U.S. 719, 724–25 (1983).

**S-11.** Plaintiff respectfully requests that the Court:

**(1)** Receive the supplemental evidence filed herewith — including, in particular, the May 6, 2026, 2:03 P.M. "Your family is worried about you Daniel" communication at Exhibit A — as part of the record on the pending TRO motion;

**(2)** Enter, on the present record, a narrowly tailored Temporary Restraining Order under 28 U.S.C. § 1651 and Fed. R. Civ. P. 65 directing non-party Seth Richey, telephone (863) 529-7519, to (i) cease all direct and indirect contact with Plaintiff, with Plaintiff's minor son, and with any member of Plaintiff's family, pending further order of this Court; (ii) preserve all communications, photographs, account metadata, profile

images, and chat-privacy settings touching upon Plaintiff or Plaintiff's family from October 1, 2024 forward; and (iii) refrain from any further use of "view-once," self-deleting, or "advanced chat privacy" features in any communication referencing Plaintiff;

(3) Enter a contemporaneous Preservation Order directed to Meta Platforms, Inc. (WhatsApp; Facebook; Instagram) preserving all account-level data associated with telephone (863) 529-7519 and the email accounts implicated at Exhibit D, pending further order; and

(4) Grant such further relief as this Court deems just and proper to protect the integrity of the pending federal proceeding and the safety of Plaintiff's minor son.

## VI. CONCLUSION

Plaintiff seeks the most modest possible form of emergency relief: an order telling a non-party — who is not a member of Plaintiff's family, has no business referencing Plaintiff's family, and has nevertheless deliberately invoked Plaintiff's family on the same day this Notice is filed — to stop, and to preserve. Granting that relief costs the non-party nothing he is entitled to keep. Denying it costs Plaintiff, and his son, **everything** — because the conduct at issue is engineered, by design, to leave no record once the moment passes. The All Writs Act exists for precisely this case.

Respectfully submitted,

Dated: May 6, 2026

*May 6 2026*

/s/ **Daniel Benjamin Fleischman**

**Daniel Benjamin Fleischman, Pro Se Plaintiff**

4885 McKnight Road #123

Pittsburgh, Pennsylvania 15237

Telephone: (724) 462-5730

Email: operationreunification@gmail.com

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

## TAMPA DIVISION

| | |
|---|---|
| **DANIEL BENJAMIN FLEISCHMAN,** | **Case No.: 8:25-cv-03229-JLB-CPT** |
| Plaintiff, | |
| | Judge: Hon. John L. Badalamenti |
| v. | Mag.: Hon. Christopher P. Tuite |
| **POLK COUNTY CLERK OF COURT,** | |
| Defendant. | |

## VERIFICATION

---

I, Daniel Benjamin Fleischman, declare under penalty of perjury under the laws of the United States of America, pursuant to **28 U.S.C. § 1746**, that the following is true and correct:

**1.** I am the Plaintiff in the above-captioned action, and I make this verification on personal knowledge.

**2.** Each factual statement in the foregoing Notice (paragraphs S-1 through S-11) is true and correct to the best of my knowledge, information, and belief, formed after diligent inquiry.

**3.** Each exhibit appended hereto is a true and correct reproduction of the source material it purports to depict, captured by me from the WhatsApp application installed on my personal device, contemporaneously with receipt, and preserved by me without alteration.

**4.** I do not pose a danger to myself or to any other person. I have not threatened any person. I have not initiated contact with non-party Seth Richey at any time relevant to this filing. The communications described in this Notice were initiated by Mr. Richey and are one-directional from him to me.

5. Mr. Richey is not a member of my family. He has no familial, marital, custodial, professional, fiduciary, religious, or social relationship to me or to any member of my family.

6. Executed this 6th day of May, 2026.


/s/ **Daniel Benjamin Fleischman**

**Daniel Benjamin Fleischman, Pro Se Plaintiff**

May 6, 2026

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

### TAMPA DIVISION

DANIEL BENJAMIN FLEISCHMAN,

Plaintiff,

v.

POLK COUNTY CLERK OF COURT,

Defendant.

**Case No.: 8:25-cv-03229-JLB-CPT**

Judge: Hon. John L. Badalamenti

Mag.: Hon. Christopher P. Tuite

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **May 6, 2026**, I filed the foregoing in person with the Clerk of the United States District Court for the Middle District of Florida, Tampa Division, and that a true and correct copy will be served on counsel of record via the Court's CM/ECF system upon docketing, and on the following by electronic mail:

**Jonathan B. Trohn, Esq.**

Campbell Trohn Tamayo & Aranda, P.A.

Counsel for Defendant Polk County Clerk of Court

/s/ Daniel Benjamin Fleischman

**Daniel Benjamin Fleischman, Pro Se Plaintiff**

4885 McKnight Road #123

Pittsburgh, Pennsylvania 15237

Telephone: (724) 462-5730

Email: operationreunification@gmail.com

May 6 2026

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

## TAMPA DIVISION

| | |
|---|---|
| **DANIEL BENJAMIN FLEISCHMAN,**<br>    Plaintiff,<br><br>    v.<br><br>**POLK COUNTY CLERK OF COURT,**<br>    Defendant. | **Case No.: 8:25-cv-03229-JLB-CPT**<br><br>Judge: Hon. John L. Badalamenti<br>Mag.: Hon. Christopher P. Tuite |

## INDEX OF EXHIBITS

**EXHIBIT A** WhatsApp Capture, May 6, 2026, 2:41 P.M. ET — Most Recent Message at 2:03 P.M. ET: "Your family is worried about you Daniel" — Plus Same-Day Predicate Messages at 12:21 P.M. and 12:25 P.M., Skull Profile Image, and Advanced-Chat-Privacy Banner (file: IMG_4329.PNG)

**EXHIBIT B** WhatsApp In-Application Notice — "Screen Capture Blocked. It looks like you tried to take a screenshot. For added privacy, view once messages don't let you do this." — Direct Application Admission of the Anti-Preservation Architecture (file: IMG_4311.PNG)

**EXHIBIT C** WhatsApp Capture, May 5–6, 2026 — Skull-Icon Profile Image; Photo Bombardment Sequence; Direct Messages "How are you doing?" and "I've been praying for you"; Activation of WhatsApp Advanced Chat Privacy by Seth Richey, (863) 529-7519 (file: IMG_4318.PNG)

**EXHIBIT D** WhatsApp Capture — Forwarded "Niki Stone" Email "Do you know who I am?" Containing Sexualized "Polk County / Stasi Daddy / Playtime / Good Girl Rewards" Language, Followed Immediately by Mr. Richey's "Why are you having people email me?" and "Daniel, genuine question. Are you schizophrenic?" (file: IMG_4193.PNG)

**EXHIBIT E** WhatsApp Captures — Continuing One-Directional View-Once Photo Bombardment and "This message was deleted" Entry at 1:02 P.M. (files: IMG_4308.PNG and IMG_4302.PNG)

**EXHIBIT F**  LinkedIn Audience Analytics, 90 Days Ending May 4, 2026 — 455,512 Views (+381%); 25.0% Lakeland (Polk County) Audience Concentration; "Insurance" as Top Industry; Polk County, Florida as Top Location

**EXHIBIT G**  LinkedIn "Who's Viewed Your Profile" Reports — 14, 28, and 90-Day Windows — Recurrent Institutional Viewers Including AGRiP, Liberty Specialty Markets, PPLSI, Florida League of Cities, and the National Center for State Courts

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA — TAMPA DIVISION

*Fleischman v. Polk County Clerk of Court*

Case No. 8:25-cv-03229-JLB-CPT

# EXHIBIT A

## WhatsApp Capture — May 6, 2026, 2:41 P.M. ET — "Your family is worried about you Daniel"

---

**Description of Contents:**

True and correct screenshot of WhatsApp chat with non-party Seth Richey, telephone (863) 529-7519, captured by Plaintiff at approximately 2:41 P.M. Eastern Time on May 6, 2026. The capture displays, in order: (i) the prior-day system notice that Seth Richey activated WhatsApp's "advanced chat privacy" mode (anti-preservation architecture); (ii) Mr. Richey's stylized skull-and-teeth profile image; (iii) Mr. Richey's same-day predicate messages "Good afternoon. How are you feeling today?" at 12:21 P.M. and "I'm worried about you" at 12:25 P.M.; and (iv) the most recent message at 2:03 P.M. ET, "Your family is worried about you Daniel" — the central piece of evidence supporting Plaintiff's emergency request for temporary restraining relief.

---

*Filed in support of Plaintiff's Emergency Notice of Supplemental Evidence*

*In Further Support of Pending Motion for Temporary Restraining Order*

*Under the All Writs Act, 28 U.S.C. § 1651*

**Filing Date: May 6, 2026**

## EXHIBIT A — REPRODUCED IMAGE

*May 6, 2026, captured 2:41 P.M. ET — "Your family is worried about you Daniel" at 2:03 P.M. ET*



*Source file: IMG_4329.PNG*



# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA — TAMPA DIVISION

*Fleischman v. Polk County Clerk of Court*

Case No. 8:25-cv-03229-JLB-CPT

# EXHIBIT B

## WhatsApp In-Application "Screen Capture Blocked" Notice

---

**Description of Contents:**

True and correct screenshot of the full-screen blocking notice that the WhatsApp application itself displays when a recipient attempts to preserve a "view-once" message by screenshot. The notice reads, in pertinent part: "Screen capture blocked. It looks like you tried to take a screenshot. For added privacy, view once messages don't let you do this." This screenshot is the application's own admission that the architecture deployed by Mr. Richey against Plaintiff is, by design, anti-preservation.

---

*Filed in support of Plaintiff's Emergency Notice of Supplemental Evidence*

*In Further Support of Pending Motion for Temporary Restraining Order*

*Under the All Writs Act, 28 U.S.C. § 1651*

**Filing Date: May 6, 2026**

## EXHIBIT B — REPRODUCED IMAGE

*WhatsApp's own admission of anti-preservation architecture*

---





## Screen capture blocked

It looks like you tried to take a
screenshot. For added
privacy, view once messages
don't let you do this.





*Source file: IMG_4311.PNG*

Fleischman v. Polk County Clerk of Court | Case No. 8:25-cv-03229-JLB-CPT | Page 19 of 33



# This is a view once photo so it's more private



It will disappear from the chat after you close it.

🔒

Also, you can't share, forward, copy, save, or take a screenshot of it.

**OK**

**Learn more**

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA — TAMPA DIVISION

*Fleischman v. Polk County Clerk of Court*

Case No. 8:25-cv-03229-JLB-CPT

# EXHIBIT C

## Skull-Icon Profile + Praying-For-You + Advanced-Chat-Privacy Activation

**Description of Contents:**

True and correct screenshot of WhatsApp chat with non-party Seth Richey, captured at 10:57 P.M. The capture displays: (i) Mr. Richey's stylized skull-and-teeth profile image rendered at the top of the chat header — a recognized intimidation symbol; (ii) the continuing one-directional view-once photograph bombardment at 6:08, 7:34, 7:38, 8:05, and 8:38 P.M.; (iii) Mr. Richey's intervening direct messages "How are you doing?" at 8:11 P.M. and "I've been praying for you" at 8:21 P.M.; and (iv) the system notice memorializing Mr. Richey's unilateral activation of WhatsApp's "advanced chat privacy" mode, which the application states disables auto-saving of media, export of history, AI summarization, and AI Q&A.

*Filed in support of Plaintiff's Emergency Notice of Supplemental Evidence*

*In Further Support of Pending Motion for Temporary Restraining Order*

*Under the All Writs Act, 28 U.S.C. § 1651*

**Filing Date: May 6, 2026**

*Plaintiff's Notice of Supplemental Evidence — Filed May 6, 2026*

## EXHIBIT C — REPRODUCED IMAGE

*Skull profile + "I've been praying for you" + advanced chat privacy activation*



*Source file: IMG_4318.PNG*



## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA — TAMPA DIVISION

*Fleischman v. Polk County Clerk of Court*

Case No. 8:25-cv-03229-JLB-CPT

# EXHIBIT D

## Forwarded "Niki Stone" Email + "Are You Schizophrenic" Attack

**Description of Contents:**

True and correct screenshot of WhatsApp chat with non-party Seth Richey, displaying: (i) a forwarded email screenshot purporting to come from one "Niki Stone", sent at 3:25 A.M., subject line "Do you know who I am?", addressed "to me", and stating: "I am looking to connect with my local sasti stasi daddy in Polk County for playtime and good girl rewards. Is that you????"; (ii) Mr. Richey's immediate follow-up at 5:47 P.M., "Why are you having people email me?"; (iii) Mr. Richey's attack on Plaintiff's mental capacity at 6:01 P.M., "Daniel, genuine question. Are you schizophrenic?"; and (iv) the resumption of view-once photograph bombardment at 8:30, 8:34, 8:53, and 9:12 P.M. The communication references Polk County by name, sexualizes the word "daddy," and is the primary reputational pretext material in the closed rhetorical loop.

*Filed in support of Plaintiff's Emergency Notice of Supplemental Evidence*

*In Further Support of Pending Motion for Temporary Restraining Order*

*Under the All Writs Act, 28 U.S.C. § 1651*

**Filing Date: May 6, 2026**

*Plaintiff's Notice of Supplemental Evidence — Filed May 6, 2026*

## EXHIBIT D — REPRODUCED IMAGE

*Niki Stone "Polk County / stasi daddy / playtime" + "Are you schizophrenic?"*



*Source file: IMG_4193.PNG*



### UNITED STATES DISTRICT COURT

### MIDDLE DISTRICT OF FLORIDA — TAMPA DIVISION

*Fleischman v. Polk County Clerk of Court*

Case No. 8:25-cv-03229-JLB-CPT

# EXHIBIT E

## View-Once Photo Bombardment + "This Message Was Deleted"

---

**Description of Contents:**

True and correct screenshots of WhatsApp chat with non-party Seth Richey, displaying the sustained one-directional view-once photograph bombardment by Mr. Richey, including the system entry "This message was deleted" at 1:02 P.M. — content that, by deletion, can no longer be reviewed even by the recipient. The view-once mechanism, by application design, prevents saving and screenshotting of opened photographs, leaving only the placeholder thumbnail captures reproduced here.

---

*Filed in support of Plaintiff's Emergency Notice of Supplemental Evidence*

*In Further Support of Pending Motion for Temporary Restraining Order*

*Under the All Writs Act, 28 U.S.C. § 1651*

**Filing Date: May 6, 2026**

## EXHIBIT E (1 of 2) — REPRODUCED IMAGE

*View-once photo bombardment with "This message was deleted" entry*



*Source file: IMG_4308.PNG*



## EXHIBIT E (2 of 2) — REPRODUCED IMAGE

*Continuing view-once photo bombardment, prior-day extension*



*Source file: IMG_4302.PNG*

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA — TAMPA DIVISION

*Fleischman v. Polk County Clerk of Court*

Case No. 8:25-cv-03229-JLB-CPT

# EXHIBIT F

## LinkedIn Audience Analytics — Polk County Concentration

---

**Description of Contents:**

True and correct reproduction of Plaintiff's LinkedIn audience analytics for the 90-day period ending May 4, 2026, demonstrating institutional awareness of Plaintiff's federal civil-rights litigation by the precise insurance-and-risk-pool ecosystem that underwrites Polk County's institutional defendants.

---

*Filed in support of Plaintiff's Emergency Notice of Supplemental Evidence*

*In Further Support of Pending Motion for Temporary Restraining Order*

*Under the All Writs Act, 28 U.S.C. § 1651*

**Filing Date: May 6, 2026**

## EXHIBIT F — TRANSCRIPT OF CAPTURED CONTENT

**LinkedIn Creator Dashboard — Last 90 days (Feb 4 – May 4, 2026)**

```
Total Views:               455,512
Change vs prior 90 days:      +381%
3-second views:             16,933
1-minute views:              2,165
Distinct viewers:          139,647


Top City (Last 28 days):  Lakeland, FL — 25.0%
Houston, TX — 10.0%   |   Los Angeles, CA — 10.0%
Other — 55.0%


Top Industry (current):  Insurance
Top Location (current):  Polk County, Florida, USA


Cumulative Impressions, Last 365 days:  186,265
   (+245.7% vs prior 365 days)
Cumulative Impressions, Last 90 days:    57,182
   (+123.9% vs prior 90 days)
```

Lakeland is the county seat of Polk County, Florida — the same county whose institutional defendants Plaintiff has sued in this Court, the same county in which non-party Seth Richey resides, and the same county in which Plaintiff's minor son resides. The 25.0% audience concentration in that single municipality, against an organic American-professional-network platform with no targeting toward Polk County, is statistically significant and supports the inference of organized institutional monitoring.





# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA — TAMPA DIVISION

*Fleischman v. Polk County Clerk of Court*

Case No. 8:25-cv-03229-JLB-CPT

# EXHIBIT G

## LinkedIn "Who's Viewed Your Profile" — Institutional Viewers

**Description of Contents:**

True and correct reproduction of Plaintiff's LinkedIn "Who's Viewed Your Profile" analytics across 14, 28, and 90-day windows, identifying recurring institutional profile viewers including Florida Polytechnic University, Liberty Specialty Markets, AGRiP (Association of Governmental Risk Pools), PPLSI, Florida League of Cities, Publix Super Markets, and the National Center for State Courts — i.e., the insurance-and-risk-pool ecosystem that underwrites Polk County's institutional defendants and the local public-sector employers whose employees would have professional reach into Polk County.

*Filed in support of Plaintiff's Emergency Notice of Supplemental Evidence*

*In Further Support of Pending Motion for Temporary Restraining Order*

*Under the All Writs Act, 28 U.S.C. § 1651*

**Filing Date: May 6, 2026**

## EXHIBIT G — TRANSCRIPT OF CAPTURED CONTENT

### G.1  Past 14 Days (top viewer companies):

**Profile views: 178  |  +12% vs prior 7 days**

| | |
|---|---|
| Top location: | Polk County, Florida, USA |
| Top industry: | Insurance |
| Top company: | Florida Polytechnic University |

| | |
|---|---|
| Florida Polytechnic University | 13.3% |
| Liberty Specialty Markets | 10.0% |
| AGRiP (Assn. of Gov't Risk Pools) | 6.7% |
| Publix Super Markets | 6.7% |
| Southeastern University | 6.7% |
| PPLSI | 6.7% |
| Keller Williams Realty, LLC | 6.7% |
| Florida Bulldog | 3.3% |
| Florida International University | 3.3% |
| Monk Law Firm, PLLC | 3.3% |

### G.2  Past 28 Days (top viewer companies):

**Profile views: 322  |  +12% vs prior 7 days**

| | |
|---|---|
| Top location: | Polk County, Florida, USA |
| Top industry: | Insurance |
| Top company: | Florida Polytechnic University |

| | |
|---|---|
| Florida Polytechnic University | 18.6% |
| Valuetainment | 9.3% |
| Southeastern University | 9.3% |
| Self Employed | 7.0% |
| Liberty Specialty Markets | 7.0% |
| GEICO | 4.7% |
| PPLSI | 4.7% |
| AGRiP (Assn. of Gov't Risk Pools) | 4.7% |
| PHP Agency, Inc. | 4.7% |

| | |
|---|---|
| Keller Williams Realty, LLC | 4.7% |
| Publix Super Markets | 4.7% |

### G.3  Past 90 Days (top viewer companies):

**Profile views: 713  |  +12% vs prior 7 days**

| | |
|---|---|
| Top location: | Miami-Fort Lauderdale Area |
| Top industry: | Real Estate |
| Top company: | Florida Polytechnic University |

| | |
|---|---|
| Florida Polytechnic University | 15.0% |
| Valuetainment | 6.7% |
| Self Employed | 6.7% |
| Keller Williams Realty, LLC | 6.7% |
| Southeastern University | 6.7% |
| Upwork | 5.0% |
| LinkedIn | 5.0% |
| Publix Super Markets | 5.0% |
| National Center for State Courts | 5.0% |
| Liberty Specialty Markets | 5.0% |
| Florida League of Cities | 3.3% |
| PPLSI | 3.3% |
| AGRiP (Assn. of Gov't Risk Pools) | 3.3% |
| PHP Agency, Inc. | 3.3% |
| Brigham Young Univ. Marriott Sch. | 3.3% |

The recurrent presence of **AGRiP, Liberty Specialty Markets, PPLSI, and Florida League of Cities** — the insurance-and-risk-pool architecture that underwrites Polk County's institutional defendants — across multiple analytic windows constitutes documented institutional monitoring of Plaintiff's federal litigation. The **National Center for State Courts** appearing as a top-90-day viewer further reflects judicial-system-level awareness.









5:38

# Dashboard
Insights

Views  Earnings  Engagement  Audie

Last 90 days ▼          Feb 4 - May 4

## 455,512 Views ⓘ
↑381% from previous 90 days



| 3-second views | 16,933 › |
| 1-minute views | 2,165 › |
| Viewers | 139,647 › |

## What's working for you
Last 7 days



| Home | Reels | Dating | Groups | Notifications | Profile |

2:36    ::!! 5G⁵ 🔋

< **Dashboard**
Insights

VS    Earnings    Engagement    Audience

Last 28 days ▼    Apr 7 - May 4

45-54
24.2%

35-44
22.9%

55-64
19.9%

Other
33.0%

# Top locations ⓘ

Countries    Cities

Lakeland, FL
25.0%

Houston, TX
10.0%

Los Angeles, CA
10.0%

Other
55.0%

     

Home    Reels    Dating    Groups    Notifications    Profile