MAY 8 2026 PM4:01
FILED - USDC - FLMD - TPA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIEL BENJAMIN FLEISCHMAN,

Plaintiff,

v.

POLK COUNTY CLERK OF COURT,

Defendant.

Case No. 8:25-cv-03229-JLB-CPT

District Judge: Hon. John L. Badalamenti
Magistrate Judge: Hon. Christopher P.
Tuite

_____/

**PLAINTIFF'S NOTICE OF POST-FILING INTIMIDATION, VEHICLE/LOCATION
SURVEILLANCE REFERENCES, DAVID/FLOCK PRESERVATION TRIGGER,
SAFETY-THREAT RECORD, AND RESERVATION OF RULE 15(d) RIGHTS**

Plaintiff Daniel Benjamin Fleischman, pro se, files this narrow Notice for record-preservation purposes only.

This Notice is not a motion. Plaintiff does not seek emergency relief through this Notice, does not request an order through this Notice, does not ask the Court to resolve disputed factual inferences from screenshots, does not seek Rule 65 relief, and does not move to supplement the operative pleading at this time. Because this Notice seeks no order or relief, Plaintiff does not submit a Local Rule 3.01(g) certification. Plaintiff files this Notice only to preserve the record concerning post-filing communications and database/surveillance issues that may become relevant to a later motion under Federal Rule of Civil Procedure 15(d), preservation request, discovery, subpoena, or other properly filed request.

Plaintiff attaches the following exhibits in a single print-ready packet: Exhibit A - Declaration under 28 U.S.C. § 1746; Exhibit B - May 8, 2026 WhatsApp/Flock screenshots; Exhibit C - Richey WhatsApp communications and sensitive-record dissemination screenshots; and Exhibit D - DAVID/FDHSMV audit report excerpt.

**I. PURPOSE OF THIS NOTICE**

1. This federal civil-rights action remains pending, and Defendant's Motion to Dismiss remains under submission.

2. After the operative pleading and during the pendency of this litigation, Plaintiff received additional communications from non-party Randall Seth Richey concerning Plaintiff, Plaintiff's minor child, Plaintiff's location, Plaintiff's vehicle/license plate, Plaintiff's driver status, Plaintiff's mental-health history, and Plaintiff's federal litigation.

Page 1

3. The communications are being preserved because Plaintiff reasonably perceives them as intimidation, retaliation, and safety-threatening conduct directed at a federal civil-rights litigant and at Plaintiff's ability to protect his minor child.

4. Plaintiff submits this Notice to avoid procedural clutter while creating a clean record of post-filing facts and preservation categories. Plaintiff reserves the right to seek leave to supplement under Rule 15(d) by separate motion after compliance with any applicable procedural requirements.

## II. POST-FILING RICHEY COMMUNICATIONS AND FEDERAL NEXUS

5. Beginning on or about May 1, 2026, Plaintiff received unsolicited communications from Randall Seth Richey, including communications referencing Plaintiff's minor child and communications transmitted through an account styled "Operation Serve Daniel."

6. On or about May 2, 2026, Richey transmitted a communication stating, in substance, that he had forwarded information concerning Plaintiff and/or service attempts to "the clerk of courts." Plaintiff preserves that communication because it creates a direct factual nexus between Richey's communications and the named Defendant or the Defendant's office.

7. On or about May 2, 2026, Richey transmitted a communication attaching or displaying a Lakeland Police Department record concerning Plaintiff's 2018 Baker Act / mental-health incident and threatening further dissemination of additional materials, including records concerning Plaintiff's eviction, domestic-violence injunction, and other unspecified "items."

8. Plaintiff did not provide that Lakeland Police Department mental-health record to Richey. Plaintiff does not know how Richey obtained it. Plaintiff preserves the issue because the record appears to concern sensitive law-enforcement / mental-health information and because the means of acquisition may be relevant to later discovery and preservation.

9. On May 8, 2026, Plaintiff received additional WhatsApp communications from an account identifying Seth Richey by name and phone number. The communications referenced Plaintiff's mental state, Plaintiff's alleged physical presence in Florida, Plaintiff's alleged driver-license status, a photographed vehicle/license tag, and whether "law enforcement" running the tag through "Flock" would "show up."

10. The May 8, 2026 communications included the following statements or substance:
    a. "You seem really upset today. Cursing a lot in your new video. How is your mental state right now?"
    b. "I see you've made it back to Florida as well. Are you still here?"
    c. "Did you drive here on a suspended license?"
    d. A photograph of a vehicle/license tag accompanied by the statement: "If law enforcement runs this tag through flock is it going to show up?"

11. Plaintiff has preserved screenshots of those May 8, 2026 communications. Redacted copies are attached as Exhibit B for record-preservation purposes, and Plaintiff separately preserves the original native/unredacted files to the extent available.

12. Plaintiff states in the attached Declaration that, based on the totality of the communications, the repeated references to Plaintiff's minor child, the tracking of Plaintiff's location and vehicle, the invocation of law enforcement and Flock surveillance, the dissemination or threatened dissemination of sensitive records, and the ongoing federal litigation context,

Page 2

Plaintiff reasonably perceived the communications as threats to his life, safety, and ability to protect his minor child.

13. Plaintiff does not ask the Court, through this Notice, to determine who photographed the vehicle, whether any Flock/ALPR query actually occurred, whether any DAVID/FDHSMV query was connected to these communications, or whether any governmental actor participated in the communications. Those factual issues are preserved for proper development.

### III. DAVID/DMV AND FLOCK PRESERVATION TRIGGER

14. Plaintiff has obtained DAVID/FDHSMV audit records reflecting prior official access to Plaintiff's driver and vehicle records by multiple agencies, including Lakeland Police Department, Florida Department of Children and Families, Polk County Sheriff's Office, Treasure Island Police Department, and Sumter County Sheriff's Office. Redacted excerpts are attached as Exhibit D.

15. The DAVID/FDHSMV audit records include an April 2, 2025 Sumter County Sheriff's Office access coded "Verify Identity, 2025DR2205," including three closely timed page views in the same DR2205 service context.

16. The May 8, 2026 WhatsApp reference to law enforcement running a vehicle tag through "Flock" materially increases the need to preserve Flock/ALPR, tag-query, DAVID, CAD, dispatch, and interagency communication records related to Plaintiff, Plaintiff's vehicle, Plaintiff's license plate, Plaintiff's driver status, Plaintiff's location, Plaintiff's federal litigation, and Plaintiff's minor child.

17. Plaintiff does not seek adjudication of a DPPA, DAVID, Flock, ALPR, retaliation, witness-intimidation, or conspiracy claim through this Notice. Plaintiff preserves those issues for appropriate procedure, including Rule 15(d), discovery, subpoenas, public-record requests, law-enforcement referrals, or separate action if warranted.

### IV. PRESERVATION CATEGORIES

18. Plaintiff gives notice that the following categories of information are potentially relevant and should not be destroyed, altered, overwritten, or deleted if within any person's or entity's possession, custody, or control. Plaintiff does not request a preservation order through this Notice:

   a. Flock/ALPR searches, hits, alerts, audit trails, hotlist entries, tag-query records, user IDs, search parameters, search results, screenshots, exports, and administrative logs concerning Plaintiff or any vehicle associated with Plaintiff;

   b. DAVID/FDHSMV driver-record access logs, user IDs, purpose codes, page views, query notes, agency communications, audit records, and records concerning any disclosure or use of Plaintiff's driver, vehicle, address, photograph, signature, scanned-license, or motor-vehicle information;

   c. CAD, dispatch, call-for-service, service-of-process, field-contact, investigative, incident, body-worn-camera, report-management, and law-enforcement records referencing Plaintiff's location, vehicle, driver status, tag, Florida presence, federal litigation, or minor child;

   d. Communications, emails, texts, WhatsApp messages, SMS messages, attachments, metadata, routing logs, full headers, device identifiers, IP logs, cloud-storage records,

Page 3

and internal notes involving Randall Seth Richey, any account styled "Operation Serve Daniel," the Polk County Clerk of Court, Polk County Sheriff's Office, Lakeland Police Department, Sumter County Sheriff's Office, FDHSMV/DAVID custodians, Flock/ALPR administrators, or any other governmental actor concerning Plaintiff, Plaintiff's vehicle, Plaintiff's license plate, Plaintiff's driver status, Plaintiff's federal litigation, or Plaintiff's minor child;

e. Records showing how Richey obtained Plaintiff's Lakeland Police Department mental-health/Baker Act record, Plaintiff's driver-license image, Plaintiff's vehicle/license-plate information, Plaintiff's location information, or any nonpublic record concerning Plaintiff;

f. Records showing any communication, coordination, forwarding, logging, routing, review, intake, docketing, rejection, correction-queue processing, preservation, deletion, or action taken by the Polk County Clerk of Court or any Clerk employee/agent concerning Richey communications, Plaintiff's state-court filings, Plaintiff's federal litigation, Plaintiff's vehicle/location information, or Plaintiff's minor child.

## V. RESERVATION OF RIGHTS

19. Plaintiff reserves all rights to seek relief by separate motion, including leave to supplement the operative pleading under Rule 15(d), preservation relief, discovery, subpoenas, public-record requests, sanctions, protective relief, or any other relief authorized by law.

20. Plaintiff further reserves the right to provide these materials to appropriate law-enforcement or oversight authorities, including the Federal Bureau of Investigation, the United States Attorney's Office, FDHSMV/DAVID custodians, and agency records custodians, without waiving any rights in this action.

21. This Notice is not intended to expand the pending Motion to Dismiss record, relitigate any domestic-relations issue, or request an immediate ruling. It is intended to preserve the record and avoid later dispute over when Plaintiff placed the parties and the Court on notice of the post-filing communications and related preservation issues.

## VI. NOTICE GIVEN

Plaintiff respectfully gives notice of the post-filing intimidation, vehicle/location surveillance references, DAVID/Flock preservation trigger, safety-threat record, and reservation of Rule 15(d) rights described above.

Respectfully submitted,

_____ May 8, 2026

Daniel Benjamin Fleischman
Plaintiff, Pro Se
4885 McKnight Road #123
Pittsburgh, PA 15237
Telephone: 724-462-5730
Email: OperationReunification@gmail.com
Dated: May 8, 2026

Page 4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 8, 2026, I served a true and correct copy of the foregoing by U.S. Mail upon counsel of record:

Jonathan B. Trohn, Esq.
Campbell Trohn Tamayo & Aranda, P.A.
1701 South Florida Avenue
Lakeland, Florida 33803
Counsel for Defendant

_____    May 8, 2026
Daniel Benjamin Fleischman

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

### EXHIBIT A
### DECLARATION / AFFIDAVIT OF DANIEL BENJAMIN FLEISCHMAN UNDER 28 U.S.C. § 1746

I, Daniel Benjamin Fleischman, declare as follows:

1. I am the Plaintiff in Fleischman v. Polk County Clerk of Court, Case No. 8:25-cv-03229-JLB-CPT, pending in the United States District Court for the Middle District of Florida.

2. I make this Declaration based on my personal knowledge, my review of communications received by me, my preservation of electronic records, and my review of public-record/DAVID materials produced to me. If called as a witness, I could and would testify truthfully to the facts stated here.

3. I am the father of a minor child. I use "[minor child]" or similar redaction in this Declaration and related exhibits to protect my child's privacy.

4. I am actively prosecuting this federal civil-rights case. The communications described below occurred during the pendency of this action and after the operative pleading.

5. Beginning on or about May 1, 2026, I received unsolicited communications from Randall Seth Richey and/or accounts identifying him or associated with him, including communications referencing my minor child, my litigation, my location, my vehicle, my driver status, my mental-health history, and law-enforcement/Flock surveillance.

6. On or about May 2, 2026, I received a communication stating in substance that information concerning me and/or service attempts had been forwarded to "the clerk of courts." I preserved that communication because it appears to connect Richey's communications to the Clerk's office while this federal case is pending against the Polk County Clerk of Court.

7. On or about May 2, 2026, I received a communication attaching or displaying a Lakeland Police Department record concerning a 2018 Baker Act / mental-health incident involving me. I did not provide that record to Richey. I do not know how he obtained it.

8. That communication threatened further dissemination of additional materials concerning me, including my eviction, domestic-violence injunction, and other unspecified "items." I understood that communication as an attempt to intimidate, harass, embarrass, and pressure me during active federal litigation.

9. On May 8, 2026, I received WhatsApp communications from an account identifying Seth Richey by name and phone number. I have preserved true and correct screenshots of those communications.

10. The May 8, 2026 WhatsApp communications included statements asking or stating: "How is your mental state right now?"; "I see you've made it back to Florida as well. Are you still here?"; "Did you drive here on a suspended license?"; and "If law enforcement runs this tag through flock is it going to show up?"

11. The May 8, 2026 communications also included or displayed a photograph of a vehicle/license plate associated with me.

Page 6

12. I reasonably perceived these communications as surveillance, intimidation, and threats to my physical safety and to my minor child's safety because they referenced my real-time location, my vehicle/license plate, my alleged driver status, law enforcement, Flock surveillance, my mental state, my minor child, and sensitive records concerning me.

13. I further perceived the communications as threats to my life and my child's life/safety in the practical sense that a non-party connected to ongoing hostile litigation was tracking or claiming to track my location, my vehicle, my license plate, my presence in Florida, and my relationship to my minor child, while invoking law enforcement and surveillance tools.

14. I have not threatened Richey. I have not invited Richey to contact me. I have not authorized Richey to obtain, possess, disseminate, or threaten to disseminate my sensitive law-enforcement, mental-health, driver-license, vehicle, location, or family records.

15. I have preserved the original communications, screenshots, attachments, metadata, and related records to the extent available to me.

16. I have obtained DAVID/FDHSMV audit records reflecting official access to my driver and vehicle records by multiple agencies, including Lakeland Police Department, Florida Department of Children and Families, Polk County Sheriff's Office, Treasure Island Police Department, and Sumter County Sheriff's Office.

17. The DAVID/FDHSMV audit records include an April 2, 2025 Sumter County Sheriff's Office access coded "Verify Identity, 2025DR2205."

18. Because the May 8, 2026 communications reference law enforcement running a vehicle tag through "Flock," I believe Flock/ALPR records, tag-query records, DAVID records, dispatch/CAD records, agency communications, metadata, and related audit trails should be preserved before they are lost, overwritten, deleted, or altered.

19. I am filing the accompanying Notice for preservation and record purposes only. I am not asking the Court through this Notice to make a final factual finding about who accessed which database, whether a Flock query actually occurred, or whether any governmental actor participated in Richey's communications. I am preserving those issues for lawful development through proper procedure.

20. My response to this conduct is lawful. I will continue to respond through court filings, preservation notices, public-record requests, lawful reports to appropriate authorities, and other lawful First Amendment activity. I am not threatening harm to myself or others.

21. Except where expressly stated as my perception or belief, the foregoing is true and correct based on my personal knowledge and records I preserved.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 8, 2026.

_____    May 8, 2026
Daniel Benjamin Fleischman

Page 7

# EXHIBIT B

## May 8, 2026 WhatsApp / Flock / Vehicle-Location Screenshots

This exhibit contains the May 8, 2026 WhatsApp communications referencing Plaintiff's mental state, Florida location, alleged driver status, vehicle/tag image, law enforcement, and Flock surveillance.

Filed for record-preservation purposes only. Originals/native files preserved to the extent available.

# Exhibit – WhatsApp Messages Referencing Mental State, Location, Vehicle Tag, and Flock Surveillance

This exhibit contains screenshots of WhatsApp communications received from Seth Richey on May 8, 2026. The communications reference Plaintiff's mental state, physical presence in Florida, alleged criminal conduct, a photographed vehicle/tag, and whether law enforcement running the tag through "Flock" surveillance would cause it to "show up." These screenshots are preserved for evidentiary and record-preservation purposes.

*Exhibit Screenshot 1*



*Exhibit Screenshot 2*



*Exhibit Screenshot 3*



*Exhibit Screenshot 4*





*Exhibit Screenshot 5*



*Exhibit Screenshot 6*



*Exhibit Screenshot 7*



*Exhibit Screenshot 8*



# EXHIBIT C

## Selected Richey WhatsApp Communications and Sensitive-Record Dissemination Screenshots

This exhibit contains selected screenshots showing the broader Richey contact pattern, references to Plaintiff's mental health, family/child pressure, driver-license imagery, and sensitive/public-record dissemination. Sensitive record images are redacted in this public filing copy; originals are preserved.

Filed for record-preservation purposes only. Originals/native files preserved to the extent available.



Exhibit C - Selected Richey WhatsApp / sensitive-record screenshots, p. 1















Do you have a domestic violence injunction?

Saturday 6:02 PM

"Hey Daniel, it looks like I missed you. Give me a call back. We want to talk to you about your Facebook and Instagram posts."
Click here:







sensitive law-enforcement record image redacted
(original preserved)

Good morning Daniel. Have a good day.                    5:05 AM

driver-license image redacted
(original preserved)

1 unread message

For non payment of child support                    5:11 AM

Exhibit C - Selected Richey WhatsApp / sensitive-record screenshots, p. 11

# EXHIBIT D

## DAVID / FDHSMV Audit Report Excerpt

This exhibit contains the official DAVID/FDHSMV audit report excerpt reflecting driver/vehicle-record access by multiple agencies, including the April 2, 2025 Sumter County Sheriff's Office entries coded "Verify Identity, 2025DR2205." Personal identifiers are redacted in this public filing copy; originals are preserved.

Filed for record-preservation purposes only. Originals/native files preserved to the extent available.



**Dave Kerner**
Executive Director

2900 Apalachee Parkway
Tallahassee, Florida 32399-0500
www.flhsmv.gov

APRIL 22, 2025

Daniel Fleischman

██████████████████████ & ████████████████████████████

Public Record Request P845279
Search Type: Driver License
Request Date: 10/14/2023 - 04/14/2025

Greetings:

Attached are the results for your above referenced Public Records Request. There was charge & enclosed is the payment receipt. As stated on the last page of the report, if you have any questions, as to who or why your record was inquired upon, please contact the agency's representatives listed above each agency.

This is a public records request / FOIA for the possible misuse of information by opposing parties either inside the police department or sheriff's office or anybody else with access to improper information for the benefit of another party in a  legal matter.

Please let me know if you need any additional information. Thank you so much.

Hi Dave, Could you please provide for the time frame of the last 18 months.  Please let me know if you need anything further. Thank you.

Sincerely,

*Manisha Dave*

MS-Business Consultant II
Bureau of Records
DAVIDPublicRecordRequest@flhsmv.gov

---

*Service • Integrity • Courtesy • Professionalism • Innovation • Excellence*

Exhibit D - DAVID/FDHSMV audit report excerpt, p. 1 An Equal Opportunity Employer

## Department of Highway Safety & Motor Vehicles

# INVOICE

### Division of Motorist Services
*Bureau of Records, D.A.V.I.D Audits*

DATE: APRIL 22, 2025

2900 Apalachee Parkway, MS78
Tallahassee, Florida 32399-0500
Phone 850-617-2805 Fax 850-617-3926

**TO**    Daniel Fleischman

&

P845279

| EMPLOYEE | JOB | PAYMENT TERMS | DUE DATE |
|----------|-----|---------------|----------|
| MD | Public Records Request | CK/MO/CC | Upon receipt |

| QTY | DESCRIPTION | UNIT PRICE | LINE TOTAL |
|-----|-------------|------------|------------|
| ½ + 1 hr. | Record Search ($19.08 per hour) First ½ Hour Free (1 hr.) | $19.08 | 19.08 |
| | Folder Setup and Audit; Sort and entered agency info | | |
| | Setup Release request; Release Request to Agencies | | |
| | **Payment for report options are as follows:** | | |
| | -Check/Money order: | | |
| |    Make payable to:<br>     "Department of Highway Safety and Motor Vehicles" | | |
| |    Mail payment to: DHSMV, Motorist Services- **D.A.V.I.D** Audits | | |
| |        2900 Apalachee Parkway, MS 78 | | |
| |        Tallahassee, FL 32399-0500 | | |
| | -Credit Card:  Call the Data Listing Unit at 850-617-2805 | | |

PAID IN FULL

| | |
|--|--|
| SUBTOTAL | |
| LESS ESTIMATE | |
| TOTAL | $19.08 |

**MAKE ALL CHECKS PAYABLE TO FLORIDA DIVISION OF MOTORIST SERVICES**

THANK YOU FOR YOUR BUSINESS!

Exhibit D - DAVID/FDHSMV audit report excerpt, p. 2

Packet p. 32

Department of Highway Safety and Motor Vehicles

2900 APALACHEE PKWY A234 TALLAHASSEE FL 32399
Payment Receipt
Date: Apr 17, 2025 8:54 AM EDT
Customer Name:
Amount: $19.08
Confirmation#: 207871038


X: _____

Mission : Providing Highway Safety and Security through Excellence in Service, Education and Enforcement. Please let us know how we are doing via our online customer service survey at
http://www.flhsmv.gov/

Exhibit D - DAVID/FDHSMV audit report excerpt, p. 3

**STATE OF FLORIDA**
Department of Highway Safety & Motor Vehicles
Driver And Vehicle Information Database

DANIEL BENJAMIN FLEISCHMAN (Customer Name)
nse Number: ▇▇▇▇▇▇▇
redacted    ge: 10/14/2023 - 04/14/2025

| Full Name | Agency | Time Accessed (Eastern Time) | Purpose Code | Page Viewed |
|---|---|---|---|---|
| Tina Faye Wyant | | | | |
| Tina.Wyant@lakelandgov.net | | | | |
| (863) 834-8943 | | | | |
| Rebecca Jean-Gilles | Lakeland Police Department | 04/12/2024 02:57:31 PM | 036 - Verify Identity | Record Detail |
| Rebecca Jean-Gilles | Lakeland Police Department | 04/12/2024 02:57:31 PM | 036 - Verify Identity | Vehicles |
| | | | | |
| Hughlan Bennett | | | | |
| Hughlan.Bennett@myflfamilies.com | | | | |
| (352) 681-2029 | | | | |
| Robert Watts | Florida Department of Children and Families | 05/30/2024 09:08:57 AM | 004 - Child or Adult Protective Services | Record Detail |
| Robert Watts | Florida Department of Children and Families | 05/30/2024 09:08:57 AM | 004 - Child or Adult Protective Services | Vehicles |
| Robert Watts | Florida Department of Children and Families | 05/30/2024 09:09:53 AM | 004 - Child or Adult Protective Services | Driver History |
| | | | | |
| Tina Faye Wyant | | | | |
| Tina.Wyant@lakelandgov.net | | | | |
| (863) 834-8943 | | | | |
| Cheyenne Cheshire | Lakeland Police Department | 05/30/2024 06:17:57 PM | 013 - Dispatch, CFS #829 | Record Detail |
| Cheyenne Cheshire | Lakeland Police Department | 05/30/2024 06:17:57 PM | 013 - Dispatch, CFS #829 | Vehicles |
| | | | | |
| Hughlan Bennett | | | | |
| Hughlan.Bennett@myflfamilies.com | | | | |
| (352) 681-2029 | | | | |
| Jennifer Ramirez | Florida Department of Children and Families | 06/01/2024 01:40:16 PM | 004 - Child or Adult Protective Services | Record Detail |
| Jennifer Ramirez | Florida Department of Children and Families | 06/01/2024 01:40:16 PM | 004 - Child or Adult Protective Services | Vehicles |
| Jennifer Ramirez | Florida Department of Children and Families | 06/01/2024 01:40:31 PM | 004 - Child or Adult Protective Services | Photo and Signature Array |
| Jennifer Ramirez | Florida Department of Children and Families | 06/01/2024 01:40:43 PM | 004 - Child or Adult Protective Services | Addresses |
| | | | | |
| Hughlan Bennett | | | | |
| Hughlan.Bennett@myflfamilies.com | | | | |
| (352) 681-2029 | | | | |
| shannon L forgit | Florida Department of Children and Families [ Central Region ] | 06/07/2024 02:52:25 PM | 004 - Child or Adult Protective Services | Record Detail |
| shannon L forgit | Florida Department of Children and Families [ Central Region ] | 06/07/2024 02:52:26 PM | 004 - Child or Adult Protective Services | Vehicles |
| shannon L forgit | Florida Department of Children and Families [ Central Region ] | 06/07/2024 02:52:27 PM | 004 - Child or Adult Protective Services | Addresses |
| shannon L forgit | Florida Department of Children and Families [ Central Region ] | 06/07/2024 02:53:05 PM | 004 - Child or Adult Protective Services | Prior Vehicles |
| | | | | |
| Tina Faye Wyant | | | | |
| Tina.Wyant@lakelandgov.net | | | | |
| (863) 834-8943 | | | | |
| Brittney Thomas | Lakeland Police Department | 07/25/2024 06:32:46 PM | 012 - Customer Inquiry | Record Detail |
| Brittney Thomas | Lakeland Police Department | 07/25/2024 06:32:47 PM | 012 - Customer Inquiry | Vehicles |
| | | | | |
| HOROLEN MONT-ROS | | | | |
| HMont-Ros@polksheriff.org | | | | |
| (863) 298-6266 | | | | |

| Leanna Christine Austin | Polk County Sheriff's Office | 10/02/2024 03:27:52 PM | 036 - Verify Identity | Record Detail |
|---|---|---|---|---|
| Leanna Christine Austin | Polk County Sheriff's Office | 10/02/2024 03:27:53 PM | 036 - Verify Identity | Vehicles |
| Leanna Christine Austin | Polk County Sheriff's Office | 10/02/2024 03:28:01 PM | 036 - Verify Identity | Display DL Scanned Document |
| Leanna Christine Austin | Polk County Sheriff's Office | 10/02/2024 03:28:01 PM | 036 - Verify Identity | Display DL Scanned Document |
| Leanna Christine Austin | Polk County Sheriff's Office | 10/02/2024 03:29:47 PM | 036 - Verify Identity | Record Detail |
| Leanna Christine Austin | Polk County Sheriff's Office | 10/02/2024 03:29:48 PM | 036 - Verify Identity | Vehicles |
| Leanna Christine Austin | Polk County Sheriff's Office | 10/02/2024 03:29:53 PM | 036 - Verify Identity | Record Detail |
| Leanna Christine Austin | Polk County Sheriff's Office | 10/02/2024 03:29:53 PM | 036 - Verify Identity | Vehicles |
| Leanna Christine Austin | Polk County Sheriff's Office | 10/02/2024 04:29:48 PM | 036 - Verify Identity | Record Detail |
| Leanna Christine Austin | Polk County Sheriff's Office | 10/02/2024 04:29:48 PM | 036 - Verify Identity | Vehicles |
| Shaun Walliser | Polk County Sheriff's Office | 11/29/2024 01:46:54 PM | 033 - Traffic Related Inquiry | Record Detail |
| Shaun Walliser | Polk County Sheriff's Office | 11/29/2024 01:46:55 PM | 033 - Traffic Related Inquiry | Vehicles |
| Shaun Walliser | Polk County Sheriff's Office | 01/10/2025 09:12:47 AM | 033 - Traffic Related Inquiry | Record Detail |
| Shaun Walliser | Polk County Sheriff's Office | 01/10/2025 09:12:48 AM | 033 - Traffic Related Inquiry | Vehicles |
| Shaun Walliser | Polk County Sheriff's Office | 01/10/2025 09:13:53 AM | 033 - Traffic Related Inquiry | Driver History |
| Cody Malander | | | | |
| cmalander@mytreasureisland.org | | | | |
| (727) 547-4592 | | | | |
| Kyle Brodeur | Treasure Island Police Department | 01/11/2025 02:02:22 PM | 036 - Verify Identity | Record Detail |
| Kyle Brodeur | Treasure Island Police Department | 01/11/2025 02:02:23 PM | 036 - Verify Identity | Vehicles |
| Kyle Brodeur | Treasure Island Police Department | 01/11/2025 02:02:26 PM | 036 - Verify Identity | Driver History |
| CAREN MICHELLE HOLLOWAY | | | | |
| CHOLLOWAY@SUMTERCOUNTYSHERIFF.ORG | | |  | |
| (352) 793-2621 | | | | |
| sara jan mcghee | Sumter County Sheriff's Office | 04/02/2025 02:15:55 PM | 036 - Verify Identity, 2025DR2205 | Record Detail |
| sara jan mcghee | Sumter County Sheriff's Office | 04/02/2025 02:15:57 PM | 036 - Verify Identity, 2025DR2205 | Vehicles |
| sara jan mcghee | Sumter County Sheriff's Office | 04/02/2025 02:15:59 PM | 036 - Verify Identity, 2025DR2205 | Record Detail |

All questions as to who or why this record was inquired on should be directed to the appropriate agency contact listed above the agency queries. Information not subject to disclosure and specifically exempted from the requirements of Section 119.07(1), Florida Statutes may have been omitted from this report. DHSMV is not at liberty to discuss this further and cannot confirm or deny whether such information has been omitted.

