UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIEL BENJAMIN FLEISCHMAN,

       Plaintiff,

v.                               Case No:   8:25-cv-03229-JLB-CPT

POLK COUNTY CLERK OF COURT,

       Defendant.

_____/

## ORDER

Plaintiff Daniel Benjamin Fleischman ("Mr. Fleischman") sues Defendant Polk County Clerk of Court (the "Clerk") under 42 U.S.C. § 1983.  (Doc. 12).  Mr. Fleischman alleges that the Clerk violated his First and Fourteenth Amendment rights by failing to transmit an appellate record in his underlying Florida state court appeal to Florida's Sixth District Court of Appeal (the "Sixth DCA"), despite Mr. Fleischman's status as an indigent litigant.  (*Id.* at ¶¶ 16–21).  The Clerk moves to dismiss (Doc. 39), and Mr. Fleischman filed a response (Doc. 50).  For the following reasons, the Court *sua sponte* **DISMISSES** Mr. Fleischman's Amended Complaint (Doc. 12) **without prejudice** for lack of standing, and the Clerk's motion to dismiss (Doc. 39) is **DENIED as moot**.

## BACKGROUND[1]

Mr. Fleischman is a Florida state-court litigant. (*See* Doc. 12 at ¶¶ 11–15). On July 8, 2025, the Clerk approved Mr. Fleischman's application for civil indigency status in a case where he was the defendant. (*Id.* at ¶ 12; Doc. 12-2 at 2). Mr. Fleischman appealed that case to the Sixth DCA. (*See* Doc. 12-3).

On October 31, 2025, the Sixth DCA ordered the Clerk to respond to motions to compel that had been filed.[2] (*Id.*). The Clerk's response was to address:

> the effect of [Mr. Fleischman's] indigency on any costs associated with the preparation and transmission of the record on appeal, specifically whether [Mr. Fleischman] is required to enter into a payment plan or make other financial arrangements in this case and, if so, whether such arrangements have been made.

(*Id.*).

On November 6, 2025, the Sixth DCA issued an order on Mr. Fleischman's motions to reinstate the proceeding. (Doc. 12-4 at 2). The order stated that "[Mr. Fleischman] has not made necessary financial arrangements for the transmission of the record on appeal," and it directed Mr. Fleischman to file a response by no later

---

[1] "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). Accordingly, this background section relies on the facts recited in the Amended Complaint. (*See* Doc. 12).

[2] Mr. Fleischman alleges that the Sixth DCA's October 31, 2025, and November 6, 2025, orders directed the Clerk to transmit the appellate record, but the copies of those orders that Mr. Fleischman attached in the Amended Complaint contradict these allegations. "[I]f the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls." *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016). Thus, the Court follows the exhibits.

than November 16, 2025, showing that he had made the necessary financial arrangements with the Clerk to transmit the record.  (*Id.*).  The order warned, "if [Mr. Fleischman] fails to timely comply with this order, [his] motions for reinstatement, docketed October 29, 2025, will be denied."  (*Id.*).

Mr. Fleischman filed this lawsuit on November 21, 2025.  (Doc. 1).  His Amended Complaint alleges that the Sixth DCA's orders, in addition to his status as an indigent litigant, obligated the Clerk to transmit the appellate record in his case without charging him but that the Clerk failed to do so.  (Doc. 12 at ¶¶ 12–15).  Mr. Fleischman alleges that the Clerk's failure to transmit his appellate record prevented him from prosecuting his appeal.  (*Id.* at ¶ 15).

## DISCUSSION

This case is properly dismissed for lack of jurisdiction because Mr. Fleischman has not demonstrated that he has standing to sue.  A federal court's Article III jurisdiction is limited to "cases" and "controversies."  *See Lujan v. Defs of Wildlife*, 504 U.S. 555, 559–561 (1992).  Therefore, a party seeking to invoke federal jurisdiction must demonstrate three elements: (1) "that he suffered an injury in fact that is concrete, particularized, and actual or imminent," (2) "that the injury was likely caused by the defendant," and (3) "that the injury would likely be redressed by judicial relief."  *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021).  To satisfy the third element, "a decision in [the] plaintiff's favor [must] significantly increase the likelihood that [he] would obtain relief that directly redresses the injury that [he] claims to have suffered."  *Lewis v. Governor of Ala.*, 944 F.3d 1287,

3

1301 (11th Cir. 2019) (en banc) (citation modified). "If at any point in the litigation the plaintiff ceases to meet all three requirements for constitutional standing, the case no longer presents a live case or controversy, and the federal court must dismiss the case for lack of subject matter jurisdiction." *Fla. Wildlife Fed'n, Inc. v. S. Fla. Water Mgmt. Dist.*, 647 F.3d 1296, 1302 (11th Cir. 2011).

Here, Mr. Fleischman lacks standing to sue because the Court cannot redress his alleged injury, as the Sixth DCA has dismissed Mr. Fleischman's appeal of his state-court case and denied his motions to reinstate that appeal.[3] (*See* Docs. 1, 12-4 at 2). The Sixth DCA's November 6, 2025, order warned Mr. Fleischman that his motion to reinstate his appeal would be denied if he failed to timely show that he had made financial arrangements with the Clerk to transmit the record on appeal, and he was required to make that showing by no later than November 16, 2025. (Doc. 12-4 at 2). Mr. Fleischman filed his Complaint in this case on November 21, 2025 (Doc. 1), which indicates that the Sixth DCA denied his motions to reinstate.

This Court cannot compel the Sixth DCA to reopen Mr. Fleischman's appeal. *See Behr v. Campbell*, 8 F.4th 1206, 1209–10 (11th Cir. 2021) ("[S]tate court litigants do not have a right of appeal in the lower federal courts; they cannot come to federal district courts 'complaining of injuries caused by state-court judgments

---

[3] Courts may make findings of fact necessary to assure themselves of subject matter jurisdiction. *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008) ("For judges to resolve factual disputes where the motion to dismiss is not an adjudication on the merits is not uncommon. For instance, it is well-established that a judge may make factual findings about subject matter jurisdiction on a Rule 12(b)(1) motion to dismiss."). And a challenge to Article III standing implicates subject matter jurisdiction. *See Lujan*, 504 U.S. at 559–60.

rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'") (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).  Therefore, a judgment in Mr. Fleischman's favor would not even redress his alleged injury, and he lacks standing to bring this suit. His remedy must be found in Florida state court.

Accordingly, it is **ORDERED** that:

1. Plaintiff's Amended Complaint (Doc. 12) is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

2. Defendant's Motion to Dismiss Complaint (Doc. 39) is **DENIED as moot**.

3. The Clerk of Court is **DIRECTED** to terminate any pending deadlines, deny any pending motions as moot, and close the file.

**ORDERED** in Tampa, Florida, on May 13, 2026.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE