UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIEL BENJAMIN FLEISCHMAN,

Plaintiff,

v. Case No: 8:25-cv-03229-JLB-CPT

POLK COUNTY CLERK OF COURT,

Defendant.
_____________________________________/

**ORDER**

Upon careful review, the Court concludes that Plaintiff's Motion for Extension of Time to File Notice of Appeal Pursuant to Fed. R. App. P. 4(a)(5) (Doc. 98) is due to be **DENIED**.

On May 13, 2026, the Court entered an Order (Doc. 86) dismissing this case for lack of subject matter jurisdiction. Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A), Plaintiff had until June 12, 2026, to file a notice of appeal from that Order. Plaintiff failed to do so. (Doc. 98 at ¶ 2). On July 13, 2026, Plaintiff filed the instant motion, which seeks an extension of time to file a notice of appeal pursuant to Federal Rule of Civil Procedure 4(a)(5)(A)(i). (*Id.*).

Federal Rule of Civil Procedure 4(a)(5)(A)(i) provides that a district court "may extend the time to file a notice of appeal if . . . a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and . . . regardless of

whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause."

In determining whether a party has demonstrated excusable neglect or good cause, courts within this circuit apply the flexible test established by *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 388–89 (1993). *See Advanced Estimating Sys., Inc. v. Riney*, 77 F.3d 1322, 1324 (11th Cir. 1996) (adopting the *Pioneer* test). That test instructs courts to "tak[e] account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 1325. Of these factors, primary importance is accorded to "the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration." *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996) (citing *Pioneer Inv. Servs. Co.*, 507 U.S. at 397).

Here, Plaintiff argues that the circumstances surrounding this case demonstrate that his neglect in failing to file a notice of appeal was excusable. (Doc. 98). Specifically, he claims that he was threatened by a non-party to this action and that the non-party's threats placed him in reasonable fear for his safety. (*Id.* at ¶ 6). Moreover, Plaintiff claims that "[d]uring the same period, and in substantial part because of the circumstances described above," he relocated from Florida to

Pennsylvania, suffered financial hardship, and was litigating a custody matter. (*Id.* at ¶ 8).

Taking account of the *Pioneer* factors, the Court does not agree that the circumstances mentioned by Plaintiff demonstrate that his neglect in filing a timely notice of appeal was excusable or that good cause exists for the Court to grant an extension.

First, Plaintiff alleges that his delay was caused in part by his move to Pennsylvania. (*Id.* at ¶ 8). However, Plaintiff has alleged that he resides in Pennsylvania since the very beginning of this case, nearly a year ago. (*See, e.g.*, Docs. 1 at ¶ 6, 12 at ¶ 6, 17 at ¶ 2, 18 at ¶ 3, 50 at 11). Thus, the Court struggles to see how Plaintiff's relocation to Pennsylvania could have substantial bearing on his ability to file a timely notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A).

Moreover, while the Court is cognizant of the serious nature of Plaintiff's allegations that he was threatened, Plaintiff fails to demonstrate in any specific way how filing a timely notice of appeal would have endangered him to any greater extent than filing his pleadings and other documents in this case already had. (*See* Doc. 98).

Accordingly, while Plaintiff may be correct that granting an extension of time for him to appeal would not work prejudice to the Polk County Clerk of Court, the totality of circumstances surrounding this case demonstrate that Plaintiff has neither excusable neglect nor good cause to support the grant of extension. The

*Pioneer* factors regarding the reason for Plaintiff's delay and the interests of efficient judicial administration both weigh strongly in favor of denying Plaintiff's motion. Accordingly, Plaintiff's Motion for Extension of Time to File Notice of Appeal Pursuant to Fed. R. App. P. 4(a)(5) (Doc. 98) is **DENIED**.

**ORDERED** in Tampa, Florida, on July 23, 2026.

John L. Badalamenti

**JOHN L. BADALAMENTI**
UNITED STATES DISTRICT JUDGE